# W. H. HURD *et al.* v. THE BOARD OF COMMISSIONERS OF HARVEY COUNTY.

1. EJECTMENT — *Title in Plaintiff.* Before plaintiffs can recover real property in an action under § 595 of the civil code, they must show they have a legal or equitable estate therein, and the right of possession thereof.

2. CITY — *Title to Public Park.* Where a parcel of ground in a city of the third class has been dedicated for a public park, the city government is entitled to its control and possession.

3. ———— *Title of County.* The board of county commissioners cannot bring an action to recover possession of a public park in a city of the third class.

### *Error from Harvey District Court.*

THE *County Board of Harvey County* brought an action in ejectment against plaintiffs in error for a tract of land described as "Block A" in Sedgwick City, Kansas. It is claimed by the plaintiff *Board* that this tract was dedicated for a public park; the defendant *Hurd* claims title to a part of it by deed from the town company of Sedgwick City, and defendant *Massey* claims part of it by conveyance from Hurd to himself. Concerning the alleged dedication, it appears that in 1870 one T. D. Floyd was the owner of the west half of the southwest quarter, section 34, township 24, range 1, in what was then Sedgwick county. Upon the 11th of July of that year, he platted the land into streets, alleys, lots and blocks; a copy of this plat was filed with the register of deeds of Sedgwick county. At that time Floyd was a married man, but did not live upon the land described. His wife did not join with him in the execution of the plat. On the 26th day of September, 1870, Floyd and wife conveyed the land above described by deed to the Sedgwick City town company; in the deed there is no reference to this plat. On August 12th, 1871, the Sedgwick City town company deeded said land to the Sedgwick town company. On the 21st day of October of that year the Sedgwick town company platted certain ter-

ritory, including the land above described; the plat was duly filed in the office of the register of deeds. In the deed from the Sedgwick City town company to the Sedgwick town company there is the following reference made to the plat filed by Floyd, in describing the land conveyed: "All of lots and blocks in the town of Sedgwick City as designated by the recorded plat of the survey thereof except," and here follow certain described lots which answer the description of Floyd's plat. In the Floyd town plat this tract was written "Block A;" in the notes of description it was declared that "Block A" was set aside for a public park, and was bounded on the south by Fourth street, on the east by Franklin avenue, on the north by Fifth street, and on the west by Madison street, which was not named on the plat, but has since been called by that name. There is also this further description in the Floyd plat: "Lots in block A, from Nos. 1 to 10 inclusive, are $26\frac{4}{10}$ feet wide, and eight rods long. Lots Nos. 11 to 24 inclusive, are three rods wide by eight rods deep." In a copy of this plat of the town company this land is represented as an undivided block, with the word "Park" written across it, but in the explanatory notes appended is the following: "Lots 1 to 12 in block A are $23\frac{1}{2}$x132. Lots 13 to 26 are 48x132 feet."

Trial at the February term, 1886, and judgment for the plaintiff *Board*. The defendants bring case here for review.

*Ady & Henry*, and *Bowman & Bucher*, for plaintiffs in error.

*A. L. Greene*, for defendant in error.

Opinion by HOLT, C.: After the plaintiff board of county commissioners had submitted all its evidence, showing the facts to be substantially as set forth in the statement, the defendants demurred to the evidence because no cause of action had been proven. The demurrer was overruled. It is claimed in this court that plaintiff had no legal or equitable estate, and was not entitled to the possession of the land. This objection

was not brought specifically to the attention of the trial court, and for that reason the plaintiff claims that it should not be considered here. It was embraced and properly raised in the demurrer to the evidence. It is fundamental that a plaintiff, before he can recover in an action of ejectment, must prove that he has a legal or equitable estate, and is entitled to the possession of the land in controversy. If he fails to establish these facts, he fails in his action.

We have given the question whether this block was properly dedicated, a careful examination. Without discussing the matter or giving our reasons, we will say that we conclude that the court held correctly in finding that Floyd's plat filed in the office of the register of deeds of Sedgwick county was a sufficient dedication of this land to make it a public park.

The other question now remaining is, whether the plaintiff could bring this action. Does Harvey county have a legal or equitable estate in this park, and is it entitled to the possession of the same? Section 6, chapter 78, Compiled Laws of 1879, provides:

"Such maps and plats of such cities and towns and additions, made, acknowledged, certified, filed and recorded with the register, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named, or intended for public uses in the county in which such city or town or addition is situate, in trust and for the uses therein named, expressed, or intended, and for no other use or purpose."

This places the legal title in the county. The action of ejectment is a possessory one, and before recovery can be had it must be established that the plaintiff was entitled to the possession of the land in controversy. Is the county of Harvey entitled to the possession of this tract because it held the legal title thereto? Ordinarily all parcels of ground dedicated to public use in this state are placed under the control and in possession of the cities in which they are situated, by express provision of the statute. It is provided in chapter 19a, Comp. Laws of 1885, that a city has control of the streets, avenues, alleys, market-places and houses, watercourses, levees, depots

and depot grounds, places for storing freight and goods, etc.; but there is no specific mention of parks. It is contended that because the county has the title to the land, that its control and possession would naturally follow such title. The county has the fee of the land as a naked trust. In the words of the statute, "for the uses therein named, expressed or intended, and for no other use or purpose," chapter 19a, *supra*, gives cities of the third class control of all other lands dedicated to the public use excepting only parks. Chapter 19a, referring to sidewalks, etc.. says "The council may prohibit and prevent all encroachments into and upon the sidewalks, streets, avenues, alleys, and other property of the city.' The city gets no greater estate by dedication in sidewalks, streets, avenues and alleys than in parks. The naked legal title of all of them is in the county, and they are all set apart for public uses. It is not held that the use of the word "other" in this connection would make a park the property of the city, but it is worth something to show that it is the policy of the law, and so regarded generally, to give to cities the control of grounds dedicated to public uses within their respective limits.

When a city is incorporated, and its territorial boundaries established, we think it necessarily follows that its officers should have possession and control of all grounds within its limits dedicated to public uses. It would be an unhappy and factitious state of affairs to give to the county board the control of all public parks in cities of the third class, however remote from the county seat, and exclude the council of the city where they are located from any authority over them. One of the objects for which the city was incorporated would be defeated. The control of public grounds intended for the benefit of its citizens would be placed in the hands of those who might be indifferent to the welfare of the city. Against these reasons we cannot hold that the control and possession of parks shall follow the naked legal title, when it is held by the county in trust for public purposes and uses, which were intended primarily to benefit the inhabitants of the cities where such parks might be situated. (*McCain v. The State*, 62 Ala.

138.)   We believe that the county had neither control nor possession of the tract.    It follows therefore that the plaintiff could not bring this action.

We recommend that the judgment be reversed, and the court be directed to sustain the demurrer.

By the Court: It is so ordered.

All the Justices concurring.