S. W. SHATTUCK v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF HARVEY *et al.*

No. 12,264.   (66 Pac. 1057.)

1. PRACTICE, SUPREME COURT — *Questions for Review.* Where a proceeding for review is begun more than a year after judgment but within a year after a motion for a new trial was overruled, the only questions for consideration by this court are such as are available under a motion for a new trial. In this case the question whether the special findings were sufficient to sustain the judgment was not involved in the motion for a new trial.

2. ACTION TO QUIET TITLE — *Parties.* The fact that the plaintiffs in an action to quiet title, which in this case were a county and

54—63 KAN.

a city, have not the same kind of title to the land is not material
to a defendant who claims under a tax title, and does not render
the petition bad.

Error from Harvey district court; M. P. SIMPSON,
judge. Opinion filed December 7, 1901. Division one.
Affirmed.

*S. W. Shattuck, jr.*, for plaintiff in error.
*Branine & Branine*, for defendants in error.

*Per Curiam:* This was an action to quiet title
to a tract of land in Sedgwick City, Harvey county,
which was held to have been dedicated for a public
park in *Hurd v. Commissioners of Harvey County*, 40
Kan. 92, 19 Pac. 325.

In a demurrer, Shattuck alleged that plaintiffs had
no legal capacity to sue, and that facts sufficient to
constitute a cause of action were not stated. The de-
murrer being overruled, an answer was filed alleging
that defendant had a legal and 'equitable estate in the
land and was entitled to recover the possession of the
same. On the trial the plaintiffs prevailed, the court
finding that the land had been dedicated as a public
park, and that the tax deed under which Shattuck
claimed was void. Judgment quieting title as against
him was decided on April 5, 1898, when a motion for
a new trial was heard, and which was overruled on
February 14, 1899. The case was brought up for re-
view on February 14, 1900, more than a year after
the judgment was rendered, but just a year after the
motion for a new trial was overruled. This leaves no
questions for consideration except such as are avail-
able under the motion for a new trial. The testimony
was not preserved, and, therefore, not many of the
points made in the case are open for review. The pe-

tition stated a cause of action sufficient to sustain the judgment. The fact that the plaintiffs, the county and the city, did not have the same kind of title to the land, and that only the city had the possession and control of it, is not material to Shattuck and does not render the petition bad.

The claim that the special findings do not sustain the judgment is not good. The general finding supplements the special findings, and, in the absence of evidence and of findings to the contrary, it will be presumed that the facts disclosed in evidence were such as supported the general finding and judgment. (*Briggs v. Eggan*, 17 Kan. 591; *Wilson v. Janes*, 29 id. 246; *Kellogg v. Bissantz*, 51 id. 418, 32 Pac. 1090; *Pennell v. Felch*, 55 id. 78, 39 Pac. 1023.) Apart from this consideration, the question whether the special findings were sufficient to sustain the judgment was not involved in the motion for a new trial, and the action of the court on the motion did not extend the time in which such a question could be brought up for review. (*Osborne, Ex'r, v. Young*, 28 Kan. 769.)

The judgment of the district court will be affirmed.

DOSTER, C. J., JOHNSTON, SMITH, ELLIS, JJ.