No. 35,907

D. J. SHEEDY, Executor of the Estate of Mary A. Graham, *Appellant*, v. Avis M. WILLOUGHBY, INEZ O. CRAWFORD, KATIE E. VANCLEAVE, HARRY JUNIOR HURST, A. W. BAILEY, C. R. MONG and SINCLAIR PRAIRIE OIL MARKETING COMPANY, *Appellees*.

(142 P. 2d 801)

Opinion filed November 6, 1943.

*D. J. Sheedy,* of Fredonia, argued the cause, and *T. D. Hampson,* of Fredonia, was on the briefs for the appellant.

*J. L. Stryker,* of Fredonia, argued the cause, and *Ora D. McClellan,* of Neodesha, *T. J. Hanlon,* of Independence, *Edward H. Chandler, Paul B. Mason* and *Cecil R. Buckles,* all of Tulsa, Okla., were on the briefs for the appellees.

The opinion of the court was delivered by

Hoch, J.: The executor of a decedent's estate brought an action in the district court to partition real estate in which the testatrix held an undivided interest. He also asked for other relief, presently to be noted. The defendants were the heirs at law of the decedent. In their answer they also asked partition and certain other relief. Upon its own motion the district court dismissed the action for want of jurisdiction, and from that order the executor appeals. Appellees contend that exclusive jurisdiction was in the probate court where administration was pending.

This appeal again brings here a question as to the effect of the present probate code, which became effective July 1, 1939, with reference to jurisdiction in actions involving the estates of decedents. The material facts may be briefly stated.

Mary A. Graham, widow of F. P. Graham, died testate in Wilson county in January, 1942. Her heirs at law were three daughters, Avis M. Willoughby, Inez O. Crawford, and Katie VanCleave, and Harry Junior Hurst, the son of a deceased daughter. In her will

she named D. J. Sheedy as executor (to serve in case J. R. Sheedy should be unable to serve). The will was admitted to probate on February 25, 1942, and J. R. Sheedy having declined to serve as executor, D. J. Sheedy was duly appointed and qualified. The testatrix bequeathed ten dollars each to the three daughters and the grandson. She left the residue of her property "real, personal, or mixed" in three equal parts to three granddaughters when each "shall have attained the age of twenty-one (21) years." She then provided for disposition of the share of the three granddaughters in case any or all of them should die before having reached the age of twenty-one. Paragraphs 9 and 10 of the will were as follows:

"9. I hereby authorize, direct and empower my executor to sell all my real and personal property and pay the proceeds thereof to my trustee.

"10. I hereby nominate and appoint J. R. Sheedy of Fredonia, Kansas, trustee to carry out the provisions of this my last will and testament. In the event the said J. R. Sheedy is unable to accept the appointment as such trustee, I hereby nominate and appoint D. J. Sheedy of Fredonia, Kansas, trustee. Said trustee to receive all funds from my executor with power to invest and reinvest said funds as he deems advisable and to pay the same to my said grandchildren as provided in this will."

The petition is lengthy and its recital in full would be of no help in clarifying the issue. Six causes of action were designated. In the first cause of action the petitioner described a tract of land of about 398 acres in which the testatrix was said to have an undivided one-half interest, and also a tract of 160 acres in which she was said to have an undivided three-fourths interest, all in Wilson county where the action was brought. The four heirs, defendants, were said to hold the remaining undivided interest in both tracts. Further, that the title to both tracts was subject to a certain lease dated March 16, 1940, in which the testatrix, two of her daughters, and her grandson leased the land to the third daughter, Inez Crawford, for a term of five years ending February 28, 1945; that this lease gave to the lessee the use, benefit and occupancy of the land subject to a reservation by the mother of a certain house described as the "south house" on one of the tracts, and subject to further reservation that the mother should retain the income from all oil and gas leases on the premises.

As to the first cause of action the prayer was that the property be partitioned "if the same can be done without manifest injury to the parties thereto, and if not, that said property be sold as provided by law and the proceeds be paid to the parties hereto according to their respective interests."

There is more or less overlapping in the other causes of action, and instead of reciting them seriatim we think it will be helpful merely to summarize the averments and the relief sought. It was alleged that the description of the land covered by the lease heretofore referred to was incorrect and reformation was prayed for. It was alleged that each tract was subject to an oil and gas lease, that the company purchasing the oil and gas being produced under the leases had failed to pay the royalty to the plaintiff and was impounding the returns from the sale of oil. The two lessees and the oil purchasing company were also made defendants. It was further alleged that an expense of $111.25 had been incurred in securing abstracts of title and otherwise preparing for the action in partition and that such expenditure was for the mutual benefit of all the heirs of the property.

In addition to the relief already mentioned, the prayer was that the plaintiff be adjudged entitled to the oil royalty; that she be adjudged the owner of the "south house" with right to remove it, or in the alternative, for judgment in the sum of $150 for the value of the house; and that the amount of $111.25 be assessed as costs in the action.

We think that the issue may fairly be simplified, at the outset, by treating the action simply as one in partition. The other causes of action and relief sought were incidental. Disposition of the oil royalty interests hinged upon determination of the respective interests in the land. The reformation sought in the land lease involved the testatrix' interest in the land, as effected by judicial determination of the intent and effect of the lease. The same may be said concerning the controversy relative to the "south house." The prayer that expense of securing abstract of title and other such expenses be charged as costs involved a wholly incidental matter addressed to the trial court in disposing of the case.

First, what were the express powers of the executor with relation to the real estate? The answer is clear. Under the code he was entitled to possession of all of the decedent's property, real as well as personal (G. S. 1941 Supp. 59-1401). Under the will he was not only authorized but directed to sell all the real and personal property and pay the proceeds to the trustee (¶ 9 of the will). As trustee he was directed to receive and invest all funds and to make payment to the residuary legatees as provided in the will (¶ 10 of the will). Inasmuch as the will provided for sale of the real estate

he was not required—in the absence of contrary provisions in the will itself—to get authority from the probate court to make such sale. The code specifically so provides (G. S. 1941 Supp. 59-1413). It may also be noted that the code specifically provides that an executor or an administrator may maintain an action for possession of real estate or to quiet title (G. S. 1941 Supp. 59-1401, *Kininmonth v. Carson,* 156 Kan. 808, 137 P. 2d 173).

Having unquestioned power to sell the undivided interest of the testatrix, did the executor have power to institute action in partition without first obtaining authority to do so from the probate court? If so, does the code require such an action to be brought in the probate court? Further, did not the district court in any event acquire jurisdiction by virtue of the answer of the defendants which also sought partition?

First, as to the proper forum for an action in partition. There is no dispute that prior to the enactment of the present probate code actions by executors or administrators for partition of real estate, under our partition statutes (G. S. 1935, 60-2101 to 60-2114) have been brought in the district court. But appellees contend—and this was evidently the view of the trial court—that under our recent decisions construing the present probate code such action must now be brought in the probate court when the real estate interest asserted by the petitioner is part of the assets of a decedent's estate in process of administration. They call attention to the emphasis which we have placed upon the broad, general intent of the legislature to enlarge the powers of probate courts over estates of decedents. Passages from these recent decisions are quoted wherein we have said that it was the legislative intent to give to probate courts exclusive original jurisdiction over matters incident to administration of decedents' estates, to clarify and unify procedure, to prevent overlapping of jurisdiction, and to promote orderly and expeditious distribution and final settlement of estates.

We would not detract from what has been said in the cases relied upon by appellees. What was there said was predicated upon the facts there involved. In all of those cases we were dealing only with parties seeking to maintain some interest in the estate—parties interested in distribution either as beneficiaries by descent or under a will, or interested as claimants exhibiting demands against the assets subject to distribution. We have said that in such cases the code contemplates action in the probate court. It by no means

follows that action must also be brought in the probate court when the parties are not asserting as against other parties any claim upon assets of the estate. In the instant case the plaintiff merely sought to have an undivided interest determined and set apart and there is no contention that the undivided interests of the defendants are any part of the estate being administered. It is true that each of the defendants received a bequest of ten dollars under the will. But those bequests are in no way involved here. The defendants have not contested the will and are asserting no interest, under the will, to the real estate. As far as this action is concerned the defendants are not interested in the distribution of the estate. They stand on the same footing as they would if in no way related to the decedent.

Let us briefly summarize recent cases.

In *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438, which has become a leading case upon the subject, we considered broadly the intent and purpose of the framers of the new probate code. The action was for specific performance of an alleged oral contract to devise real estate as well as personalty in consideration of personal services. Holding that the district court was without jurisdiction we said: "It is the intent . . . to grant the probate courts exclusive original jurisdiction over all matters incident and ancillary to the settlement and distribution of decedent estates except as to any matter over which that code expressly confers concurrent jurisdiction upon district courts." (Syl. ¶ 3.) The rights asserted by the petitioner were obviously incident to the distribution and settlement of the estate. Enforcement of the alleged contract would have contravened provisions of the will which had been probated.

In *Dixon v. Fluker,* 155 Kan. 399, 125 P. 2d 364, there was no will but the estate was in process of administration. Again the action was for specific performance to convey or to devise real estate. Following *Foss v. Wiles* we held that the probate court had exclusive original jurisdiction.

In *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242, the plaintiff sought, on the basis of an alleged oral contract, to impose a trust upon real estate which had been devised in a will. Following a long line of decisions we held that this was in effect a contest of a will and that the action could only be brought in the probate court.

In *Swisher v. Bouse,* 155 Kan. 797, 130 P. 2d 565, plaintiff alleged that in consideration of the performance of certain services by him

the decedent had agreed to give him by her will a life estate in certain real property, as well as certain personal property. Success of the action would have changed distribution of the property. We held that the district court was without jurisdiction.

In *Egnatic v. Wollard*, 156 Kan. 843, 137 P. 2d 188, the plaintiff sought to establish against the administrator of an intestate decedent a claim arising out of an alleged oral contract. The alleged contract related to services rendered by a boy in return for which decedent agreed to treat him as an heir and to make arrangements by will or otherwise for his education, etc. We held that the probate court where the estate was being administered was the only proper tribunal in which to exhibit and establish a claim of that character.

*Shively v. Burr*, 157 Kan. 336, 139 P. 2d 401, dealt with a demand against the estate of a deceased wrongdoer on account of a wrongful death. We held that the action should have been brought in the probate court where the estate of the deceased wrongdoer was being administered.

It will be noted that in every one of these cases the cause of action bore directly upon the corpus of the estate, its administration and distribution. In none of them have we intended to lay down a rule that under the probate code all actions must now be brought in the probate court if any property interest which either party asserts arises out of a decedent's estate in process of administration. Such a rule would force into probate court outside parties having or claiming no interest whatever in the estate being there administered. We find nothing in the code to justify so sweeping a rule.

We conclude that the district court was the proper forum where the executor merely sought to have the undivided interest of the testatrix set aside to the estate in kind, or its value realized to the estate through judicial sale of the whole property.

This leads us to the next question. Did the district court have jurisdiction to entertain the action in the absence of a showing by the executor that he had secured authorization of the probate court to bring the action? We have no hesitancy in saying that it would have been much better procedure for the executor to have first sought from the probate court consent for institution of the action in the district court. It is true, as already noted, that he could have sold the undivided interest as such without authority from any court. Partition may well and reasonably be regarded as a step leading to

a sale which, under the will, he was under obligation to make. Even though partition in kind might be ordered—a result quite improbable under the situation disclosed by the pleadings—the particular land set apart would then have to be sold and the receipts turned into the trust fund under the mandate of the testatrix. If the executor believed, as he apparently did, that action in partition constituted the most advantageous method of realizing upon the undivided interest of the testatrix, we think he should have formally presented the situation to the probate court, which has power "to direct and control the official acts of executors and administrators," etc. (G. S. 1941 Supp. 59-301 [3].) This view is in line with the specific provision of the code that if it appears in any proceeding pending in the probate court that a decision on any question over which the probate court does not have jurisdiction is necessary to a full determination of the matter, the question shall be certified to the district court (G. S. 1941 Supp. 59-2402).

We are dealing, however, with a question of jurisdiction and not merely with one of propriety. Convinced as we are that the course followed by the executor should be discouraged, we are unable to say that prior consent constituted a condition precedent to the acquisition of jurisdiction by the district court. The code contains no mandate to that effect. The failure of the executor to seek consent of the probate court might, perhaps, be set up by way of defense for whatever force it would have if the defendants chose to contest the action, but it did not rob the district court of jurisdiction. To hold otherwise would encourage contentious litigants to cast doubt upon the validity of acts of district courts by asserting failure to comply with some procedural step in the probate court. If such prior consent is to be made a condition precedent to jurisdiction such requirement should come through clear legislative act rather than by judicial decree.

One further observation must be made. Even if we were to hold that the executor exceeded his power in instituting the action without authority from the probate court, the district court would still have had jurisdiction of the cause under the answer of the defendants. They also asked partition of the real estate according to the respective interests of the parties and that the land be appraised and sold if partition could not be made in kind without manifest injury. If the executor had instituted no action the defendants would certainly have been entitled to bring an action in partition

in the district court, and to make the executor a party defendant. In such action they would not be asserting claim upon any assets of the estate. On the contrary they would be seeking to have their property interests segregated from those of the estate. Jurisdiction was not defeated by the fact that their cause of action was asserted in an answer rather than in a petition.

No further reference need be made to the lessees under the mineral leases or to the oil purchasing company whose interests are incidental to those of the other parties.

We note, in conclusion, that appellant expresses some doubt about the right of the court to raise the question of jurisdiction on its own motion. It not only has the power but the duty to do so if any serious doubt about it arises. (*Shively v. Burr*, 157 Kan. 336, 337, ·139 P. 2d 401.)

It follows from what has been said that the district court erred in holding that it had no jurisdiction of the action and the judgment must be reversed. It is so ordered.

SMITH, J., concurs in the result but dissents from that part of syllabus 4 wherein it is said that before commencing such an action the executor "may well seek authorization therefor by the probate court," and from the corresponding comment in the opinion.