No. 36,863

ELSIE STUART, *Appellee, v.* CLAUDE HOATSON et al., Defendants, and GEORGE H. FORSYTHE, *Appellant.*

(180 P. 2d 609)

GEORGE L. ALLISON, judge. Opinion filed May 3, 1947.

*Cliff A. Morgan,* of Newton, argued the cause, and *W. H. Von der Heiden,* of Newton, was with him on the briefs for the appellant.

*John P. Flinn,* of Newton, argued the cause, and *Alden E. Branine* and *C. Fred Ice,* both of Newton, were with him on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal in this case is from the order overruling a demurrer to the plaintiff's petition filed in the district court by a tenant in common for partition of real estate. The defendant contends that the petition discloses that an undivided one-fourth of the property involved was a part of the assets of an estate which was in the process of administration and that, therefore, the probate court had exclusive original jurisdiction.

Examination of the petition reveals that Addie Fike died in 1939, a resident of and leaving property in Harvey county, Kansas. She left a will which was admitted to probate and the proceedings incident thereto were completed long before the present action was brought. According to the terms of the will the plaintiff in the present case, Elsie Stuart, was devised an undivided one-fourth interest in the property. The defendants, Claude Hoatson and Margaret B. Callahan, also were devised an undivided one-fourth interest by the will; and a granddaughter, Bessie Forsythe, was devised the remaining undivided one-fourth interest. The petition alleges that Bessie Forsythe died on October 11, 1945, that her estate is being administered in California and that ancillary probate proceedings are pending in the probate court of Harvey county, Kansas. Her surviving husband, George Forsythe, a minor daughter, Phyllis Forsythe, and the administrator of her estate are named as defendants together with other parties named for the purpose of quieting title. The only party appealing is George Forsythe and consequently, we are concerned only with his contentions. George Forsythe and the minor daughter, Phyllis Forsythe, are alleged to have undivided interests in the involved property as the surviving heirs of Bessie Forsythe. Nothing appears in the petition which indicates in any manner that the plaintiff is claiming any interest in the estate of Bessie Forsythe, deceased, or even that any of the defendants are claiming an interest in her estate except George Forsythe and the minor daughter, Phyllis Forsythe. In other words, the plaintiff in the present case is a stranger to the estate. Therefore, the question presented is whether a party, not claiming as an heir or beneficiary is entitled to bring an action in partition in the district court when a fractional interest in the involved property is a part of the assets of an estate which is being administered.

We are of the opinion that the question presented in this case has

been answered by this court in the case of *Sheedy v. Willoughby,* 157 Kan. 508, 142 P. 2d 801. While the facts in the cited case are not exactly parallel to those in the present case, nevertheless the opinion considers and, in effect, disposes of the precise point now raised. The opinion in the cited case sets forth:

"It by no means follows that action must also be brought in the probate court when the parties are not asserting as against other parties any claim upon assets of the estate. . . . The defendants have not contested the will and are asserting no interest, under the will, to the real estate. As far as this action is concerned the defendants are not interested in the distribution of the estate. They stand on the same footing as they would if in no way related to the decedent." (pp. 512, 513.)

In the present case the plaintiff is not asserting any interest as an heir of the decedent in the distribution of the estate and she asserts her rights to the involved property as if she were in no way related to Bessie Forsythe. After reviewing many of our cases in which we have held that the probate court has exclusive original jurisdiction by reason of the provisions of our present probate code, the opinion in *Sheedy v. Willoughby,* supra, continues:

"In none of them have we intended to lay down a rule that under the probate code all actions must now be brought in the probate court if any property interest which either party asserts arises out of a decedent's estate in process of administration. Such a rule would force into probate court outside parties having or claiming no interest whatever in the estate being there administered. We find nothing in the code to justify so sweeping a rule." (p. 514.)

The opinion further emphasizes the point presented in the present case, as follows:

"If the executor had instituted no action the defendants would certainly have been entitled to bring an action in partition in the district court, and to make the executor a party defendant. In such action they would not be asserting claim upon any assets of the estate. On the contrary they would be seeking to have their property interests segregated from those of the estate." (p. 515.)

In the present case it appears that the defendant, George Forsythe, as plaintiff, at one time brought an action to partition the same property against certain defendants, including Elsie Stuart, the plaintiff in the present case, and that the district court sustained a demurrer to the petition filed by George Forsythe, on the ground that such court did not have jurisdiction. He therefore asserts that the question of jurisdiction cannot depend upon whether a party is named as a plaintiff or as a defendant. We are unable

to agree with counsel to such effect. The distinction does not arise by reason of the distinguishing designation given the respective parties. It develops because of the different status of the property sought to be segregated. When George Forsythe brought an action in the district court to assert his undivided interest in the involved property while administration was pending, he was forced to do so as an heir whose ultimate interest had not been finally determined by the probate court having jurisdiction of such determination. His interest was not independent of the administration of the estate as is the plaintiff's in the present case. His interest was subject to the claims of creditors, administration costs and the rights of other heirs, all of which had not been settled when he brought a partition action in the district court. In the present case the plaintiff only seeks to have her interest in the property segregated from the estate and makes the administrator a party for the purpose of having the entire interest of the estate also segregated —not George Forsythe's contingent interest in the estate. George Forsythe cannot have his interest segregated from the estate except by the process of administration. Therefore, until administration is over, he must assert his rights in the court having jurisdiction of administration. A district court does not have jurisdiction of administration of an estate except by appeal and, therefore, George Forsythe filed his claim to an interest in the property in the wrong court. The distinction is clearly developed in the opinion of this court written by Mr. Justice Wedell in the case of *Houdashelt v. Sweet*, ante, p. 97, this day decided and, consequently, it is unnecessary to develop the distinction any further herein. (See, also, *Felton v. Rubow*, ante p. 82, this day decided.)

The defendant in the present appeal has attempted to have us consider also certain rulings of the district court in the case which he brought as plaintiff to have the property partitioned and also in a case involving an appeal to the district court from an order of the probate court granting ancillary administration. We are of the opinion that the rulings in such cases are not properly before us in this appeal. There is no showing in the record of the present case that notice of appeal was filed in each of the other two cases and they do not appear upon the records of the clerk of this court. The district court refused to consolidate the other two cases with the present case and the defendant asserts such a ruling as error in the appeal of the present case. At the time such ruling was made, the

other two cases were no longer pending in the district court, as they had been dismissed. Since no separate appeals were perfected to this court in such cases and, therefore, no motion has or could have been filed in this court to consolidate the cases upon appeal, the rulings complained of therein are not before us for review. As *dictum*, however, in deference to the desire of defendant's counsel, we may add that we have given consideration to the rulings made by the district court in the other two cases and are of the opinion that the district court's rulings were not erroneous.

The order of the district court overruling the defendant's demurrer to the petition is affirmed.

HOCH, J., not participating.