### No. 37,220

MYRTLE HURST, BLAIR BARKER, EVA DOWNING, R. M. KELLY, HARRY KELLY, FLORENCE MCCAIN, MARY E. BARKER GROGAN, ROBERT BARKER (also known as ROBERT J. BARKER), FLORENCE BARKER (also known as FLORENCE E. BARKER), WILLIAM BARKER, SUSAN BARKER KAISER, CHARLES BARKER, ANNA BARKER FENSKE, GEORGE BARKER (also known as GEORGE A. BARKER), (Plaintiffs) *Appellees,* v. MALISSA BROWN, GRETNA CROWDER, PAUL BARKER, LOUISE BARKER REINHOLD, PAUL EDGAR BARKER GRAVES, J. HOWARD WILCOX, Executor of the Estate of John V. Barker (also known as J. V. Barker), deceased, PAUL BARKER, Administrator of the Estate of Emma E. Barker, deceased, W. A. TIHEN, E. L. THOMAS, HAZEN BYERS (Defendants), J. HOWARD WILCOX, Executor of the Estate of JOHN V. BARKER, deceased, *Appellant.*

(203 P. 2d 246)

Opinion filed March 5, 1949.

*J. Howard Wilcox, E. C. Wilcox* and *Myrtle Youngberg,* all of Anthony, were on the briefs for the appellant.

*Martin S. Hall,* of Harper, and *Max D. Hall,* of Anthony, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action in district court for a declaratory judgment, partition of real estate and adjudication of tenants' rights. The appeal is from an order overruling a demurrer to the petition which outlines the plaintiffs' claims in three separate causes of action.

In substance material allegations of fact set forth in the first cause of action of the petition can be stated as follows:

On September 17, 1943, J. C. Elvin died testate, a resident of Harper county, leaving Anna G. Elvin, his wife, as his sole heir at law and owning a number of tracts of real estate all but one of which were located in Kansas. January 22, 1944, while his estate was still in process of administration his widow died intestate owning in her own right lands in Kansas, Colorado and Oklahoma, as

well as all of the estate of her deceased husband. She left as her sole heirs at law two brothers, R. M. Kelly and Harry Kelly, a half sister Florence McCain, a half brother, John V. Barker, and eight children of a predeceased half brother, all of whom, except John V. Barker are parties plaintiff to the instant action.

March 12, 1945, after J. C. Elvin's estate had been closed and all of his property, both real and personal, decreed to belong to the estate of his deceased wife, John V. Barker, together with his wife Emma Barker, executed and delivered an assignment in writing wherein and whereby he assigned his whole and entire interest in Anna G. Elvin's estate to his daughter, Myrtle Hurst, and she thereby acquired the legal title thereto and the ownership thereof.

Such assignment, duly acknowledged by John V. Barker and his wife, Emma Barker, and signed by both in the form and manner hereinafter indicated, was filed for record in the office of the register of deeds of Harper county on May 26, 1945. It reads as follows:

"FROM
"John V. Barker
"TO
"Myrtle Hurst
"This is to certify that I John V. Barker of Harper County, Harper City, Kansas, assigns and endorse to Myrtle Hurst of Harper County, Kansas, my whole interest in the Anna G. Elvin Estate when it is due me and the Estate is settled and determined. This assignment is to comprise all money and Real Estate which belonged to Anna G. Elvin personally and likewise the amount of money and Real Estate that becomes a part of her estate in the settlement of the J. C. Elvin Estate to which she was the heir.

Signed J. V. Barker<br>John V. Barker.

"Witness Emma E. Barker
"Date 3/12/45."

Summarized, further allegations of the first cause of action of the petition read: That subsequent to the execution and delivery of the assignment and on the 30th day of May, 1945, John V. Barker died intestate a resident of Harper county; that his will was duly admitted to probate in the probate court of such county and that J. Howard Wilcox was appointed and qualified as executor of such will and estate and is now so acting; that the heirs of such decedent and the devisees and legatees under his will were Emma E. Barker, his wife, now deceased, also Myrtle Hurst, his daughter, Eva Downing, his daughter, Blair Barker, his son, plain-

tiffs in the action, and Malissa Brown, his daughter, Gretna Crowder, his daughter, Paul Barker, his son, Louise Barker Reinhold, his granddaughter, and Paul Edward Barker Graves, his grandson, defendants therein; that Emma E. Barker died October 5, 1946, leaving the children and grandchildren, last named, of John V. Barker, deceased, as her sole and only heirs at law and that Paul V. Barker is now the duly qualified administrator of her estate.

The substance of additional allegations of such first cause of action can be stated as follows:

That although the assignment to Myrtle Hurst is absolute in form it was in truth and fact made, executed and delivered to her in trust for the purpose of facilitating the collection of the assets covered thereby, selling and converting all real estate included under its terms into cash, collecting rentals, paying the expenses incident thereto and then delivering the balance remaining in six equal parts to the then living children of John V. Barker, namely, Myrtle Hurst, Blair Barker, Eva Downing, Malissa Brown, Gretna Crowder and Paul Barker. That the assignee in accepting such assignment accepted the trust for such uses and purposes.

Both Elvin estates have been closed and Myrtle Hurst, as assignee, has received therefrom the cash distributive share of John V. Barker, deceased. Following the closing of administration proceedings in the Anna G. Elvin estate all of such decedent's living heirs, heretofore named, together with Myrtle Hurst, as assignee under the instrument herein described, employed W. A. Tihen, one of the defendants, as their agent to manage and to take charge of the real estate acquired by them as heretofore stated, and as a real estate broker to obtain purchasers for such real estate.

Some of the land received from the Anna G. Elvin estate has been sold by her living heirs and by Myrtle Hurst, as assignee. Notwithstanding, the defendants now question the legal effect of the assignment of the plaintiff, Myrtle Hurst, as a conveyance of real estate in trust or in any other way and her authority to act thereunder as trustee and are contending that the interest and title thereby assigned did not pass to her but remained in John V. Barker and on his death vested in the devisees named in his will subject to administration of his estate.

That by reason of the premises the defendant Tihen, agent for the management and sale of the real estate mentioned, has refused to disburse any of the income and proceeds from the sale of the

John V. Barker interest in the Elvin land and some of the funds belonging to all of the plaintiffs from the sale thereof and that an adjudication of the rights of all the parties to such real estate is necessary and required to avoid disastrous results, litigation and expense.

That the allegations of the second cause of action, which relates only to real estate located in Harper county, are legally sufficient to permit the rendition of judgment in partition if plaintiffs' first cause of action is upheld is not in controversy. For that reason they require no further reference at the moment. The same is true of the third cause of action in which plaintiffs seek to determine the tenure of defendants, Hazen Byers and E. L. Thomas, as tenants in possession of such real estate.

By the prayer of the petition the plaintiffs ask for a declaratory judgment adjudicating the plaintiff Myrtle Hurst, as trustee, to be the owner of an undivided one-tenth interest in all of the estate of Anna G. Elvin, deceased, by virtue of her assignment from John V. Barker that being the interest to which he would have been entitled as an heir of Anna G. Elvin had he not executed such assignment in his lifetime, and for judgment partitioning the Harper county real estate in the manner prescribed by law and determining the rights of the defendant tenants therein.

Following the filing of the foregoing pleading and personal service of summons on, or voluntary appearances by, all defendants therein mentioned and named the defendant, J. Howard Wilcox, as executor of the estate of John V. Barker, deceased, demurred to the petition generally, without reference to any specific cause of action, charging the district court had no jurisdiction of the parties or the subject matter of the action and that the petition failed to state facts sufficient to constitute a cause of action against him. When this demurrer was overruled the executor, without being joined by any of his codefendants, perfected this appeal from such ruling and judgment.

At this point we are constrained to simplify the appellate issues involved by summarily stating there can be no doubt as to the propriety of the trial court's action in refusing to sustain any attack made by the demurrer on the second and third causes of action, which we note in passing, include by reference all factual statements set forth in the first. The relief sought under their allegations has already been stated. As heretofore indicated all de-

fendants were in court. The plaintiffs were there because they had instituted the action. The land involved was located in Harper county and the plaintiffs' title thereto, except for Myrtle Hurst, Blair Barker and Eva Downing, had been acquired by inheritance from Anna G. Elvin whose estate had long since been closed. The only other heir at law of such decedent on the date of her death was John V. Barker who died subsequently. Resort to the petition reveals that all his living heirs at law, his executor, and the administrator of his since deceased wife, are all parties to the action, either as plaintiffs or defendants. Thus it appears that by the second and third causes of action such plaintiffs as the owners of undivided interests in the real estate involved merely seek its partition as between themselves and the heirs at law of a decedent, who happened also to be the owner of an undivided interest in that land on the date of his death, and are simply asserting rights to their own property. Unquestionably our decisions (see *Bryson v. Phillips,* 164 Kan. 529, 531, 190 P. 2d 876; *Sheedy v. Willoughby,* 157 Kan. 508, 142 P. 2d 801; *Page v. Van Tuyl,* 150 Kan. 285, 92 P. 2d 110) recognize that under such circumstances an action for partition of land and determination of rights incident thereto may be maintained in the district court.

In *Sheedy v. Willoughby,* supra, we said:

". . . Even if we were to hold that the executor exceeded his power in instituting the action without authority from the probate court, the district court would still have had jurisdiction of the cause under the answer of the defendants. They also asked partition of the real estate according to the respective interests of the parties and that the land be appraised and sold if partition could not be made in kind without manifest injury. If the executor had instituted no action the defendants would certainly have been entitled to bring an action in partition in the district court, and to make the executor a party defendant. In such action they would not be asserting claim upon any assets of the estate. On the contrary they would be seeking to have their property interests segregated from those of the estate. Jurisdiction was not defeated by the fact that their cause of action was asserted in an answer rather than in a petition." (p. 515.)

See, also, *Stuart v. Hoatson,* 163 Kan. 117, 180 P. 2d 609, which holds:

"A tenant in common owning an undivided interest in real property, another undivided part of which is an asset of an estate, may maintain an action to partition the property in the district court while the estate is being administered in the probate court provided the interest sought to be segregated is not derived from and is independent of the interest of the estate." (Syl.)

Having determined the district court had jurisdiction of the parties and the subject matter for purposes of partition we think it necessarily follows the jurisdictional objections asserted by the demurrer to the first cause of action were properly overruled. Doubtless, counsel for appellant concedes the point for he makes no contention to the contrary and in his brief states in effect that his demurrer is directed to the sufficiency of the petition in that the first cause of action fails to state a cause of action for the rendition of a declaratory judgment. That this conclusion is inescapable is definitely evidenced by provisions of our statute prescribing the procedure to be followed where partition in district court is authorized.

G. S. 1935, 60-2102, pertains to what the petition in such an action must set out and states:

"If the number of shares or interests is known, but the owners thereof are unknown, or if there are, or are supposed to be, any interests which are unknown, contingent or doubtful, these facts must be set forth in the petition with reasonable certainty."

With respect to the power of the court in rendering judgment once the action is properly instituted, G. S. 1935, 60-2114, provides:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

Assuming the title acquired by some of the parties to the action under the assignment in question was doubtful, with a petition setting forth the facts upon which such title was based as the statute required, the trial court possessed plenary power to determine the force and effect of such instrument including the question whether assignee acquired title under its terms to the property therein described (*Fry v. Dewees*, 151 Kan. 488, 494, 99 P. 2d 844).

There remains only the question whether the first cause of action fails to state facts sufficient to constitute grounds for relief under the declaratory judgment act (G. S. 1935, 60-3127).

Since the enactment of this statute this court has repeatedly held that in order for an action to be maintained pursuant to its terms an actual controversy must exist between the parties to the proceeding (*State, ex rel., v. State Highway Comm.*, 163 Kan. 187, 192, 182 P. 2d 127, and cases there cited). While a demurrer is rarely used in attacking a petition for declaratory judgment when a party elects to so employ it we have held the test to be applied in determining its sufficiency is whether such pleading sets forth facts which make it clearly appear there is an actual controversy between the

parties and just what that controversy is. See *City of Cherryvale· v. Wilson*, 153 Kan. 505, 112 P. 2d 111. When the first cause of action is measured by the foregoing rule we have little difficulty in concluding the trial court's action in overruling the demurrer on the ground now under consideration was proper.

This appeal, as we have seen, is limited solely to the sufficiency of the petition. No one contends the trial court rendered a declaratory judgment on the facts as pleaded. Notwithstanding, appellant seeks to enlarge the scope of our review by attempting to argue and have us decide the merits of the cause. This we cannot do. Under the statute (G. S. 1935, 60-3302) giving us appellate jurisdiction our province, in fact the extent of our power, is to reverse, vacate, or modify or sustain the trial court's judgment.

The order and judgment overruling the demurrer to the petition is affirmed.

WEDELL, J., dissenting.
ARN, J., not participating.