No. 37,856

BELLE KNUTSON, et al., Plaintiffs, v. MELVIN D. CLARK, et al., Defendants, CARL S. KNUTSON, *Appellant,* TERRIS O. KNUTSON and JOHN S. KNUTSON, *Appellees.*

(217 P. 2d 1067)

Opinion filed May 6, 1950.

*E. W. Grant,* of El Dorado, argued the cause, and was on the briefs for the appellant.

*Byron Brainard*, of Wichita, argued the cause, and *J. B. McKay* and *James B. McKay, Jr.*, both of El Dorado, and *Claude I. Depew, W. E. Stanley, Lawence Weigand, William C. Hook, Lawrence E. Curfman*, and *Wm. C. Kandt*, all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an action for partition of real estate. The appellant, one of defendants below, sought reimbursement for improvements allegedly placed on the real estate involved while he was allegedly a co-owner and in possession. This appeal arises by reason of rulings of the lower court in sustaining appellees' (codefendants below) motions to strike portions of appellant's separate answer and amendment thereto.

Plaintiffs below were three sisters, the defendants were their three brothers; all were children of Sam and Ida S. Knutson. Sam Knutson died intestate in 1925, and under the statutes of descent and distribution his estate was divided among his widow and their six children, the widow receiving an undivided one-half and each child an undivided one-twelfth of the real estate in fee. Some time subsequent to the death of Sam Knutson, his six children entered into a written agreement with their mother, Ida S. Knutson, under which the children gave all of their title and interest in the personal property of their father to their mother and the use and possession of the real estate was granted to her for the term of her natural life, setting out as their purpose the intent "to vest in said Ida S. Knutson, full power and authority to lease for agricultural and mineral purposes, all real estate owned by said Sam Knutson at the time of his death, the same as if she was the absolute owner of said real estate in fee simple." Ida S. Knutson, the widowed mother, remained in possession and enjoyment of her interests until her death intestate in 1948. Her estate was administered and the legal title to the undivided one-half of the realty owned by her at the time of her death became vested in the plaintiffs and defendants, each acquiring an undivided one-sixth of the undivided one-half interest of his mother. The effect of this was to vest title to an undivided one-sixth of the whole of the realty in each of the six parties to this action. The three daughters then filed their petition for partition; the defendants answered and after certain preliminary proceedings not material to this appeal, the issue presented herein arose. The defendant Carl S. Knutson alleged in his separate answer: That he is the son of Sam Knutson and Ida S. Knutson; that plaintiffs and defendants

are his brothers and sisters; that prior to the death of Sam Knutson, appellant moved upon the real estate described in plaintiffs' petition and was a tenant thereon and thereof at the time of the death of Sam Knutson in 1925; upon the death of Sam Knutson, who at the time of his death was owner of the real estate described in the petition, this defendant (appellant) became and ever since has been the owner of an undivided part and portion of said real estate and was a co-owner and cotenant thereof along with Ida S. Knutson and the brothers and sisters of this defendant and that they were now together co-owners and cotenants of the real estate subject only to the claims of this defendant arising from his outlay and expenditures for improvements thereon; that through the years and while this defendant Carl S. Knutson was part owner of the premises and cotenant with Ida S. Knutson and his brothers and sisters, he constructed improvements upon the real estate which have a lasting and permanent effect enhancing the value thereof in the amount of approximately $7,000; that he built and constructed permanent fences, stock scales, a chicken house, feed racks, a cattle shed, grain bins, a dehorning chute, renewed the barn roof, installed electric fixtures, made the dwelling house modern, equipped same with butane fuel facilities and other repairs; that such work, labor outlay and expense was done by this defendant at a time when he was a part owner of the premises; that he is entitled to have his special interest in said property and premises adjudged by the court as in equity; that the expenditures and outlay of this defendant on the premises never became and never was at any time a part of the estate of Sam Knutson, deceased, or of Ida S. Knutson, deceased, but at all times was and is now the individual investment and property in equity of defendant Carl S. Knutson as an addition to his undivided ownership in and to the premises and should be adjudged as the property of defendant Carl S. Knutson; that the real estate and property involved herein should be partitioned subject to the claim of Carl S. Knutson arising by reason of his placing same upon the real estate and premises; he prays for a determination and adjudication of the value of his equity, and that the value of the property over and above the equity and ownership of the defendant be partitioned as provided by law into six parts. A motion to make more definite and certain was leveled at the separate answer of Carl S. Knutson, praying that he be required to allege in particularity the dates of and the amounts expended for the improvements alleged in

the defendant's answer, and to set out any agreement between Carl S. Knutson and Ida S. Knutson, or his brothers and sisters, concerning the use, occupancy and tenancy of the realty involved. This motion was granted, and Carl S. Knutson amended his answer by setting out the dates requested and by setting out the agreement entered into between Ida S. Knutson and her six children heretofore remarked upon. The brothers of Carl, his codefendants, then leveled a motion to strike those portions of the amended answer in which expenditures for improvements were alleged, to strike the phrase "and ever since has been" from the portion of the answer which alleged "This defendant became and ever since has been the owner of an undivided part," and to strike from that portion of the prayer in which the defendant "prays the court that a determination and adjudication be made by the court as to the value of the equity of this defendant Carl S. Knutson in said real estate; that the value of said real estate over and above the interest, equity, and ownership of this defendant therein be partitioned" the phrases "the value of the equity of this defendant Carl S. Knutson in said real estate; that the value of said real estate over and above the interest, equity" upon the grounds that the portions attacked were "incompetent, irrelevant, immaterial, surplusage, prejudicial, a conclusion and further that the court has no jurisdiction to entertain matters therein alleged." The motion was sustained by the court below and this appeal from the order sustaining that motion followed.

Appellant has assigned five specifications of error. The gist of these assignments may be expressed in a single question: Did defendant Carl S. Knutson by joining with his five brothers and sisters in executing the aforementioned agreement with their mother subsequent to their father's death granting to her the use and possession of all their right, title and interest in the real estate together with the rents, issues and profits therefrom for and during the term of her natural life with power and authority to lease both for agricultural and mineral purposes, place himself in a position where he cannot now assert his right to recover the value of the alleged improvements?

Appellant contends he had such possessory right and was the owner of such an interest in the land as would entitle him to recover the value of improvements which he allegedly made. Appellees maintain that the facts as developed in the pleadings conclusively show appellant did not have such an interest at the time he allegedly

placed the improvements on the real estate as would enable him to recover for the same as against appellees and plaintiffs below.

G. S. 1935, 60-1901, provides in pertinent part:

"In all cases, any occupying claimant, being in quiet possession of any lands or tenements for which such person can show a plain and connected title in law or equity derived from the records of some public office; or, being in quiet possession of and holding the same by deed, devise, descent, contract, bond or agreement from and under any person claiming title as aforesaid . . . shall not be evicted or thrown out of possession by any person or persons who shall set up and prove an adverse and better title to said lands until said occupying claimant, his, her or their heirs, shall be paid the full value of all lasting and valuable improvements made on said lands by such occupying claimant . . ."

Appellant brought himself within the provisions of the mentioned statute by alleging that prior to the death of his father in 1925, he came into possession of the premises and was a tenant thereon and that upon the death of Sam Knutson, his father, who was the owner of the real estate described in the petition, he became and ever since has been the owner of an undivided part and portion of the real estate and was co-owner and co-tenant thereof along with his mother, Ida S. Knutson, and his brothers and sisters and that they are now co-owners and co-tenants of said real estate. It is admitted by plaintiffs' petition that appellant is and was at all times subsequent to the death of Sam Knutson the owner of an undivided 1/12 interest in the fee, and that after the death of his mother, Ida S. Knutson, he was the owner of an undivided 1/6 interest in the fee. Appellant was not a mere lessee; he was a co-owner in fee of the real estate and was occupying the premises apparently under some arrangement with his mother, co-owner of a ½ interest in the fee and the one who was entitled to the use and occupancy of all the premises during her life with the right to lease same for agricultural purposes. He had been so occupying the premises for over 25 years, extending back to a date prior to the date of his father's death. This being a partition action, it is therefore covered by the provisions of civil procedure. G. S. 1935, 60-2104 provides that the answers of defendants in a partition action must state among other things the amount and nature of their respective interests. We feel that the appellant did so state the amount and nature of his interest. Section 60-2114 provides: "The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

It can be readily seen "that in a partition action the district court has power to make any order, not inconsistent with provisions of the statute governing partition actions, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests. Our decisions hold that in administering the provisions of such section of the code the trial court has the same powers as were exercised by chancery courts under equity practice, including full power to settle all questions involved on just and equitable principles. (*Johnson v. Burns,* 160 Kan. 104, 159 P. 2d 812; *Fry v. Dewees,* 151 Kan. 488, 99 P. 2d 844; *Young v. Young,* 148 Kan. 876, 84 P. 2d 916; *Thresher Co. v. Judd,* 104 Kan. 757, 180 Pac. 763; *Sawin v. Osborn,* 87 Kan. 828, 126 Pac. 1074; *Hazen v. Webb,* 65 Kan. 38, 68 Pac. 1096.) We have never held that in an action instituted by a guardian for a ward involving partition and an accounting there is anything to be found in the probate code which deprives the district court of the powers conferred upon it by the code of civil procedure." (*Wharton v. Zenger,* 163 Kan. 745, 751, 186 P. 2d 287.)

This being an equitable action, we feel that appellant properly stated, in his answer and amendment thereto, a cause of action for relief, and it was error for the court to strike the allegations therefrom. The case is reversed and remanded to the district court with instructions to reinstate those portions of the answer and amendment thereto stricken by the court, and to proceed with the trial.