No. 38,029

CLAUDE W. AMES, *Appellee,* v. ALBERT H. AMES, otherwise known as A. H. Ames, *Appellant.*

(225 P. 2d 85)

Opinion filed December 9, 1950.

*Arno Windscheffel,* of Smith Center, argued the cause, and *A. W. Relihan* and *T. D. Relihan,* both of Smith Center, were with him on the briefs for the appellant.

*Harvey McCaslin,* of Osborne, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was filed in the district court by one of two sons of the decedent, Gertrude Ames, for partition of real estate, for an allowance to the plaintiff of moneys claimed to have been expended for valuable improvements on the real estate during the years he occupied the premises as a cotenant prior to his mother's death and to quiet title.

The plaintiff was Claude W. Ames. The defendant son was Albert H. Ames, a nonresident of the state. Other defendants were listed as claiming some adverse interest but it was alleged they had none and their claims should be barred and the title quieted in the cotenants, the plaintiff, the defendant, Albert H. Ames, and the estate of Gertrude Ames, deceased, in accordance with their respective interests. The mother died intestate December 26, 1948, and on February 12, 1949, J. O. Harrison was appointed administrator of the mother's estate. The instant action was filed October 4, 1949, in the district court of Osborne county in which county decedent had resided and in which her estate was being administered.

In addition to the foregoing facts the petition, in substance, further alleged: Plaintiff, the defendant, Albert H. Ames, and the decedent were cotenants; decedent at her death was the owner of an undivided two-thirds interest in the land; the plaintiff and defendant, Albert H. Ames, were each the owners of an equal undivided one-sixth interest therein prior to and at the death of Gertrude Ames; the land was not a homestead and was subject to the payment of decedent's debts and the costs of administration; if the land could not be partitioned in kind it should be sold; plaintiff had increased the value of the land to the extent of $8,150 by making valuable improvements thereon during his occupancy; if the land was sold there should be paid out of the proceeds (1) the costs of the action, (2) the taxes thereon, and (3) the amount of the value of improvements and thereafter the residue should be paid two-thirds to the administrator and one-sixth each to plaintiff and the defendant, Albert H. Ames; the interest of the plaintiff and of said estate should be taken subject to a mortgage lien of the State Bank of Downs.

The administrator answered and admitted decedent's estate was being administered in the probate court of Osborne county; the plaintiff, the defendant, Albert H. Ames, and the decedent were owners of the interests in the land as stated in plaintiff's petition; the land was not a homestead, was subject to payment of decedent's debts and costs of administration; it should be partitioned; other defendants named by plaintiff as claiming some interest had no interest and the title should be quieted against them as requested by plaintiff.

The administrator denied plaintiff had erected improvements on the land of the value alleged.

The administrator also filed a cross petition in which he alleged plaintiff had failed and neglected to make an accounting of rents and profits he had obtained from the premises over the years of his occupancy and that he should be required to make such accounting and the amount found due should be declared a lien on the interest awarded to the plaintiff.

The administrator offered no testimony in support of his cross petition. The appraisers found the property could not be partitioned in kind. The court ordered the property sold, adjudged plaintiff had a lien on the property in the sum of $8,500 subject only to the costs of the action and taxes due, if any. It ordered the property sold and directed the costs and taxes due, if any, be paid. It ordered the lien for improvements be paid next out of the proceeds of the sale and the residue paid to the three cotenants in accordance with their respective interests.

Service on the defendant, Albert H. Ames, was by publication which the court approved. Neither he nor any other defendant except the administrator answered. Only the defendant, Albert H. Ames, has appealed.

Appellant contends the district court was without jurisdiction to render a judgment against decedent's estate for any part of the plaintiff's, appellee's, claim for improvements alleged to have been made on the land. Appellant argues if the judgment is permitted to stand two-thirds of the value of the improvements will be paid out of assets of decedent's estate and only the probate court has jurisdiction to hear and determine that claim, citing *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188; *In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879, and contending numerous other decisions are to the same effect. Neither the Egnatic nor the Thompson case was an action for partition of real estate.

If this were a partition action in which heirs, as such, sought to carve out and have set aside to them portions of a decedent's estate the district court would not have jurisdiction. *(Felton v. Rubow,* 163 Kan. 82, 179 P. 2d 935; *Houdashelt v. Sweet,* 163 Kan. 97, 103, 180 P. 2d 604.) That, however, is not this case. Here the title to the respective interests of plaintiff (appellee), appellant and their mother had vested in each of them prior to the mother's death. In asking partition in the instant case appellee simply asserted his own, his defendant brother's and their mother's interests as they stood prior to her death and sought to have those interests segregated.

In this action appellee and appellant in legal contemplation occupy the same position as complete strangers would occupy towards decedent's estate. That is also true concerning the other defendants against whom it was sought to have the interests of the cotenants quieted. Under these circumstances the partition action was properly brought in the district court. (*Stuart v. Hoatson,* 163 Kan. 117, 180 P. 2d 609.)

In order to clearly understand under what circumstances heirs may bring an action in partition in the district court and when they may not do so it will be helpful to read the Stuart, Houdashelt and Felton cases, *supra.* They were all decided on the same day.

We therefore start our consideration of appellant's contention with a clear understanding the district court had jurisdiction to entertain this partition action and the reasons therefor.

Having jurisdiction of the parties and subject matter, what was the extent of the district court's power in the partition action? G. S. 1935, 60-2114 provides:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

By virtue of this statutory rule a court of equity, when its jurisdiction has been invoked for any equitable purpose, will proceed to determine any other equities existing between the parties, connected with the main subject of the suit, and grant all relief necessary to an entire adjustment of such subject, provided it is authorized by the pleadings. (*Young v. Young,* 148 Kan. 876, 880, 84 P. 2d 916.) The relief granted here was fully authorized by the pleadings. In conformity with the foregoing and similar statements of the rule cited relief has been granted under varying circumstances in order to effectuate a full and complete adjustment of the rights of the parties arising out of their cotenancy. This principle is so thoroughly settled as to make citation of numerous authorities unnecessary. Some of them are listed in the recent case of *Knutson v. Clark,* 169 Kan. 205, 217 P. 2d 1067. It was there held proper in a partition action for any occupying tenant to allege a claim for expenditures resulting in the improvement of the premises.

The instant improvements have become and are an integral part of the real estate. It is sold as a unit. The extent to which the improvements enhanced the value of the land was clearly a necessary and indispensable consideration in a just and equitable par-

tition and settlement of the rights of the cotenants in and to the proceeds of the sale. To conclude the district court was without jurisdiction to consider and determine the extent to which the improvements enhanced the value of the land would be tantamount to denying that court the full and complete legal and equitable power we repeatedly have said it has.

Appellant contends that although we held the partition action in *Sheedy v. Willoughby,* 157 Kan. 508, 142 P. 2d 801, was properly brought in the district court that decision is authority for his contention that two-thirds of the claim for improvements in the instant case was a claim against the decedent's estate and that such claim had to be presented in the probate court. In that connection he stresses a part of what was said in the Sheedy case after we had stated the kinds of claims which had to be presented in the probate court. The statement in the Sheedy case is:

"It by no means follows that action must also be brought in the probate court *when the parties are not asserting as against other parties any claim upon assets of the estate."* (p. 512, 513.) (Our italics.)

Appellant emphasizes the italicized language in the foregoing statement. The first question here is what portion of the proceeds of the sale constituted assets of the estate and, second, was a claim being asserted against those assets? As previously stated the land and improvements constitute a unit and are sold as such. Appellant's contention erroneously assumes two-thirds of the proceeds of the sale of the land with the improvements are assets of the decedent's estate. They are not. Only the proceeds of the sale after having first deducted therefrom the costs of the action, unpaid taxes, if any, and two-thirds of the amount by which the value of the land was enhanced by the improvements are assets of decedent's estate. No one in this action is claiming anything out of those assets. It is conceded they belong to the estate.

Appellant asserts the trial court erred in declaring the cost of the improvements constituted a lien on the land. Strictly speaking, the extent to which the value of the land was enhanced by improvements did not constitute a lien. The mere fact, however, a proper claim of a cotenant in a partition action does not actually constitute a lien on the land does not mean it is not equitably to be considered in decreeing a just and equitable partition between the parties. (*Young v. Young,* supra, p. 880.)

Appellant finally argues the court allowed $8,500 for the im-

provements when appellee in his petition claimed only $8,150 and that the court was without jurisdiction to render a judgment in excess of the amount claimed. There was evidence the improvements enhanced the value of the land to the extent of $8,500. Just how it happened the court made the allowance it did does not appear. As previously stated, appellant did not answer or appear at the trial. Appellee filed no motion to make the pleadings conform to the proof. No motion for a new trial was filed by anyone and it nowhere appears the excessive judgment was called to the attention of the trial court. Nevertheless under the circumstances stated the allowance for improvements could not exceed the amount claimed therefor in the petition. It is the order of this court that the judgment be corrected accordingly and that appellee remit the excess, if paid to him.

In all other respects the judgment is affirmed.