No. 38,733

O. C. PETERSON, *Appellee,* v. PAUL PETERSON, *Appellant,* and THE MIAMI COUNTY NATIONAL BANK of Paola, Kansas, as administrator of the estate of Carrie Blanche Peterson, deceased, and THE TRUST DEPARTMENT OF THE MIAMI COUNTY NATIONAL BANK of Paola, Kansas, administrator of the estate of Carrie Blanche Peterson, deceased, *Appellees.*

(251 P. 2d 221)

Opinion filed December 6, 1952.

*Bernard L. Sheridan* and *L. Perry Bishop,* both of Paola, were on the briefs for the appellant.

*Karl V. Shawver, Jr.,* of Paola, argued the cause, and *Karl V. Shawver,* of Paola, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an action for partition of real estate and to quiet title.

For many years O. C. Peterson and Carrie Blanche Peterson, his wife, each owned an undivided one-half interest as tenants in common in the property involved herein. His wife died intestate October 6, 1950, and the Trust Department of the Miami County National Bank of Paola was appointed administrator of her estate and qualified as such on November 29, 1950. The estate has not been closed. The Petersons had two adult children, Paul Peterson and Maxine Peterson Hamlin. The property was not a homestead.

For purposes of clarity, appellee O. C. Peterson (plaintiff below) will be hereinafter referred to as plaintiff; appellee Trust Department of the Miami County National Bank of Paola (defendant below), administrator of the estate of Carrie Blanche Peterson, will be referred to as administrator, and appellant Paul Peterson (defendant below) will be referred to as defendant Peterson.

On October 10, 1951, plaintiff filed his petition in the district court of Miami county naming as defendants the administrator of his wife's estate, his son Paul Peterson, his daughter Maxine Peterson Hamlin, and other parties not pertinent to this appeal, praying for a decree declaring himself and defendant administrator to be the owners in fee simple, and in actual possession of the property in question, and quieting title against defendants Paul, Maxine, and others, and asking that partition of the real property be made between himself and the administrator of his wife's estate.

The daughter Maxine filed an answer in which she admitted the allegations of the plaintiff's petition. Defendant Paul Peterson filed an answer setting up his interest in the property alleging, in substance, that he was the owner of an undivided one-eighth interest in the land subject to the administration of the estate; that the estate of Carrie Blanche Peterson was solvent and there was no legal necessity to sell the real estate or any part thereof for the payment of statutory obligations of the estate, and asking for partition. To this answer plaintiff replied, reiterating the allegation that the administrator of the estate of Carrie Blanche Peterson was the owner of an undivided one-half interest in the real estate described in the petition.

On the issues joined between the parties the case proceeded to trial and plaintiff testified as to the date of his wife's death and that

he and his wife were owners as tenants in common of the property in question at the time of her death; that his wife's estate was admitted to probate, and that the administrator was appointed; that he was still the owner of a one-half interest in the property which he owned during her lifetime; that he was her surviving husband; that the only children Carrie Peterson had at the time of her death were Paul Peterson and Maxine Peterson Hamlin; that she never had any children that became deceased leaving children, and she never adopted any children; that she left surviving her only himself and their children Paul and Maxine. There were no other witnesses.

At the conclusion of the trial the court made findings of fact which it summarized as follows:

". . . 11. The conclusions of law will be based on the findings herein made and summarized as follows:

"(a). Plaintiff and his deceased wife were each the owner of an undivided one-half interest in the real estate involved as tenants in common.

"(b). The wife died intestate and her estate is in the process of administration in the Probate Court.

"(c). The Trust Department of the Miami County National Bank of Paola is the duly qualified and acting administrator of her estate.

"(d). The estate has been pending since October 17, 1950, and the estate is solvent.

"(e). The presumptive heirs at law of Carrie Blanche Peterson, deceased, are the plaintiff O. C. Peterson, a son Paul Peterson and a daughter, Maxine Peterson Hamlin, all of full age.

"(f). The property is and has been since the death of Carrie Blanche Peterson rented to tenants. During the administration the plaintiff has been collecting the rent from the tenant and delivering one-half of the rent to the administrator. The plaintiff has also made some minor repairs to the property.

"(g). The property is subject to partition. . . ."

Later the court filed the following conclusions of law:

". . . 1. The real estate described in the plaintiff's petition is owned by the plaintiff O. C. Peterson, the defendant The Trust Department of the Miami County National Bank of Paola, Kansas, Administrator of the estate of Carrie Blanche Peterson, deceased, and the heirs at law of Carrie Blanche Peterson, deceased.

"2. The real estate is in the possession of the plaintiff and the defendant Administrator.

"3. The title is quieted in the plaintiff and the administrator of the estate of Carrie Blanche Peterson, deceased and the heirs at law of said Carrie Blanche Peterson against all of the other parties defendant in said proceedings.

"4. The real estate is owned by the respective parties in the following shares and proportions, to-wit:

"To plaintiff O. C. Peterson an undivided one-half interest.

"To the defendants, The Trust Department of the Miami County National Bank of Paola, Kansas, administrator of the estate of Carrie Blanche Peter-

son, deceased, and the heirs at law of Carrie Blanche Peterson, deceased, an undivided one-half interest.

"5. The real estate is subject to partition.

"6. The Court appoints . . . commissioners to partition the said real estate . . . according to law. . . ."

Defendant Peterson filed his motion to vacate conclusions of law numbers 1 and 4, insofar as they purported to conclude as a matter of law that the administrator is one of the owners of the land in question, and requested the court to make additional conclusions of law in accordance with those previously requested by defendant, in that O. C. Peterson is the owner of an undivided three-fourths interest, and defendants Paul Peterson and Maxine Hamlin are each the owners of an undivided one-eighth interest in the property in question. These, as well as other post-trial motions, were denied and judgment was entered by the court in accordance with its findings of fact and conclusions of law, from which judgment defendant Peterson appealed to this court and assigns eight separate specifications of error, which resolve themselves into certain determinative questions argued by the parties in their briefs as hereinafter discussed.

Appellant first asserts that the court erred in concluding as a matter of law that the administrator was the owner of an interest in the real estate involved. The probate code (G. S. 1949, chapter 59) provides that where a resident in this state dies intestate, subject to homestead rights and certain allowances (59-403), not here applicable, and to the payment of reasonable funeral expenses, expenses of last sickness and costs of administration, taxes and debts, his property passes by intestate succession (59-502), and to the persons and in the shares provided for in 59-504 to 59-508, both inclusive. While the administrator has a right of possession until the estate is settled or until delivery by order of court to the heirs (59-1401), under the first section mentioned, the property passes to the heirs subject only to be taken in a statutory manner for statutory purposes. (*Magaw v. Emick*, 167 Kan. 580, 585, 207 P. 2d 448.)

Administrators of estates have the right of possession of real property until the estate is settled (59-1401). However, this right is merely permissive and does not exclude the possessory right of heirs until the administrator asserts his right to take possession. On the death of an intestate the lands descend, as at common law to his heirs, who may maintain ejectment against third persons if the

administrator has not taken possession; *the administrator takes neither title nor interest* in the land except the mere right to take possession during administration. (2 Bartlett "Kansas Probate Law and Practice," Sec. 708, pp. 84, 85; *Black v. Elliott,* 63 Kan. 211, 215, 65 Pac. 215; *Lindholm v. Nelson,* 125 Kan. 223, 229, 264 Pac. 50; 24 C. J. 130, § 594; 33 C. J. S. 1262, § 252.)

An administrator is merely the agent of the heirs although he assumes to act in his representative capacity in the management of the real estate and the collection of the income thereof. By law the whole of an estate vests in the heirs, testate or intestate, at the death of an ancestor. It passes from them *sub modo* for the purposes of administration, and the administration is required to be speedy, so that the remainder, if any, may be returned to its real owners.

It follows that the trial court erred in its conclusions of law numbers 1 and 4, insofar as it attempted to find that the administrator was the owner of any portion of the real estate involved.

The second question presented—does the district court have jurisdiction to make an order specifying the interests of the respective parties in an action in partition brought by a cotenant against an administrator of an estate of a cotenant and the heirs at law of such deceased cotenant, and to order partition in accordance with the provisions of our code of civil procedure? The answer is yes. At the outset it may be stated that the owner of an undivided interest in real property as a tenant in common may maintain an action in the district court to partition such property even though a former owner of one of the undivided interests therein is deceased, and his estate is in process of administration. (*Hurst v. Brown,* 166 Kan. 496, 203 P. 2d 246; *Ames v. Ames,* 170 Kan. 227, 225 P. 2d 85.)

Having jurisdiction of the parties and the subject matter in the instant case, what was the extent of the district court's power in the partition action? Our code of civil procedure governing partition is found in G. S. 1949, chapter 60, article 21. Sections 60-2101 and 60-2102 provide that the petition, among other things, must describe the property and the respective interests of the owners thereof. Section 60-2104 provides that the answer of defendants in a partition action must state, among other things, the amount and nature of their respective interests. Section 60-2105 provides that after the interests of all the parties shall have been ascertained, the court shall make an order specifying the interests of the respective parties and directing partition to be made accordingly. Section 60-2110 provides if partition cannot be made, and the property shall have

been valued and appraised, any one or more of the parties may elect to take the same, or any separate tract, at the appraisement, and the court shall make an order in accordance with the provisions therein. Section 60-2111 provides that if none of the parties elect to take the property at the valuation, or if several of the parties elect to take the same at the valuation, in opposition to each other, the court shall make an order directing the sheriff to sell the same as provided therein. Section 60-2114 provides:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

The mentioned statute contains no prohibitions. Our decisions hold that in administering the provisions of this statute, the trial court has the same powers as were exercised by chancery courts under equity practice. (*Knutson v. Clark*, 169 Kan. 205, 210, 217 P. 2d 1067; *Ames v. Ames*, supra.) Once the court acquires jurisdiction it is entitled to full and not limited jurisdiction. It can readily be seen that a district court which has jurisdiction of the parties and the subject matter for purposes of partition has plenary power to determine the right, title and interest of the parties to the action in the real estate there involved, and to make any order not inconsistent with the provisions of the statute governing partition actions, that may be necessary to make a just and equitable partition between the parties and to secure their respective interests. (*Hurst v. Brown*, supra.) We have never held that, in an action instituted by a tenant in common for partition of real estate against the administrator of a former cotenant and the heirs in such estate, there is anything to be found in the probate code which deprives the district court of the powers conferred upon it by chapter 60, article 21, *supra*.

In view of what has been said, we conclude that the trial court erred in failing to sustain defendant Peterson's motion to set aside and vacate conclusion of law No. 1, insofar as the same concludes as a matter of law that the administrator is one of the owners of the land in question, and in failing to set aside and vacate conclusion of law No. 4, insofar as it purports to conclude as a matter of law that the administrator is one of the owners of the land in question, and also failing to specify the interests of the defendants Peterson and Hamlin as requested by defendant, and as disclosed by the pleadings and record.

The judgment of the lower court is reversed and the case is remanded with instructions to the court to vacate conclusion of law No. 4 and substitute therefor the following conclusion of law:

4. The real estate is owned by the respective parties in the following shares and proportions, to-wit:

O. C. Peterson an undivided one-half interest as co-tenant with his former wife, Carrie Blanche Peterson; O. C. Peterson one-fourth, and Paul Peterson and Maxine Peterson Hamlin each one-eighth interest as heirs at law of Carrie Blanche Peterson, deceased, subject to final settlement of her estate; the Trust Department of the Miami County National Bank of Paola, Kansas, administrator of the estate of Carrie Blanche Peterson, deceased, is entitled to the possession of said property or, if sold, one-half of the proceeds of the sale thereof, pending final settlement, and distribution in the said estate.

After complying with the above instructions, the trial court is ordered to proceed in accordance with the provisions of G. S. 1949, chapter 60, article 21.

It is so ordered.