No. 36,384

HELEN CHATTEN JOHNSON, *Appellee,* v. PAUL G. BURNS, *Appellant,* (BETTY BILL STOCKMAN, GRACE DEUPREE, MARY ANN PHILLIPS, THE PULLIAM COMPANY and HARRY ROMIGH, *Appellees*).

(159 P. 2d 812)

Opinion filed June 22, 1945.

*Ben Jones,* of Lyons, argued the cause for the appellant.

*George C. Spradling,* of Wichita, argued the cause, and *Joseph G. Carey, W. F. Lilleston, Henry V. Gott, Ralph M. Hope,* all of Wichita, and *Bronce Jackson,* of Lyons, were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action for the partition of real estate. Judgment was entered for plaintiff. One of the defendants has appealed.

The facts are not involved. The petition alleged that the plaintiff and defendants were the owners of undivided interests in certain described real estate in Rice county, and that the defendant who has appealed from the judgment was the owner of an undivided one-half interest in it. Allegations were made about mineral conveyances and a mortgage upon the land, with which we are not now concerned. The prayer was that a partition of the land be made according to the respective interests of the parties, or if partition could not be made without manifest injury that the land be appraised and sold and the proceeds divided according to the respective rights of the parties.

Paul G. Burns answered admitting he was the owner of a half interest in the real estate, but that he did not know the exact ownership of the remaining undivided one-half interest. He also alleged by way of cross petition that he was the owner of certain described farm lands lying immediately adjacent to and west of a described tract of the land the action was brought to partition; that there was little, if any, difference in the value of the various lots and tracts of real estate, and that he was able to farm the land adjacent to that which he owned to a better advantage than other real estate and to refinance the indebtedness against the land in order to relieve it from the lien of the mortgage to the end that he might own one-half of the real estate involved in the partition suit. Burns then alleged that in the exercise of its equitable jurisdiction the court should instruct its commissioners in partition to make appraisement of the real estate in separate tracts and then set off to him, if it could be done without manifest injury to the other parties, one-half in area of the real estate; that if in the judgment of the commissioners there was no difference in value of the various tracts of land adjacent to the land owned by him, then one-half of the land in area adjacent to the land now owned by the defendant

should be set off as the property of Burns; that if in the judgment of the court after due hearing it should be determined that one-half in area of the real estate adjacent to the land owned by defendant was more valuable than the remaining one-half, then the defendant asked that he be given a reasonable opportunity to elect whether or not to pay into court such difference in value to the end that he might own one-half of the real estate adjacent to lands already owned by him; but if the commissioners should determine that one-half of the area of the real estate might be set off to him and the same was of lesser value than the remaining half that Burns be reimbursed for the difference.

The other defendants and plaintiff answered this cross petition by way of a general denial. After hearing, the court found that Paul G. Burns, Betty Bill Stockman and Harry Romigh were the owners in fee simple and tenants in common of the real estate and it was subject to partition; and that the interests were as follows: Defendant Paul G. Burns owned an undivided one-half interest thereof; plaintiff Helen Chatten Johnson an undivided one-fourth; defendant Betty Bill Stockman an undivided three-sixteenths and defendant Harry Romigh an undivided one-sixteenth. Commissioners were appointed to make partition among the parties if it could be done without manifest injury, and if a partition be made in kind that the mortgage lien of The Pulliam Investment Company attach to and be a first lien upon the portion of the real estate apportioned to Paul G. Burns so that the remainder of the real estate should be free from this lien; but if in the judgment of the commissioners partition could not be made without manifest injury, then the said commissioners should make an appraisement of the property and value lot one and the southeast quarter of the northwest quarter and the north half of the northwest quarter (being all of the northwest quarter) separately from the balance of the real estate. The commissioners reported that they had viewed the real estate in question. Included in their report was the following—

"After careful examination of the premises and due consideration, we concluded that the said real estate could not be partitioned among the interested parties without manifest injury for the following reasons:

"That the interests of the various parties are not equal and for the further reason that setting a portion of the real estate as much as a $\frac{1}{16}$ interest apart for one of the interested parties as well as the other fractional interest could not be done without manifest injury."

The tract that defendant Burns desired to have set off to himself was described as lot one and the southeast quarter of the northwest quarter and the north half of the northwest quarter, being all of the northwest quarter of section thirty-five, township twenty south, range ten west of the sixth P. M. in Rice county, Kansas, and was valued at $10,325. The other tract, being lots two and three, the east half of the southwest quarter and the west half of the southeast quarter, all in section thirty-five, township twenty south, range ten west of the sixth P. M., in Rice county, Kansas, was valued at $11,495.

When this report was filed Burns filed a motion in which he set out this report and also alleged that the real estate which he described as lot one and the southeast quarter of the northwest quarter and north half of the northwest quarter might be allotted to him without injury to the other parties and an allowance be made to him by way of owelty or adjustment of the difference in value of the two tracts. He prayed in this motion that the tract in question be set aside to him and that upon final disposition of the case proper adjustment by way of owelty be made to him and that the mortgage lien heretofore existing upon the undivided interest of the defendant be adjudged to be a lien upon that real estate.

This motion was overruled. The court in its final judgment set the 12th of March, 1945, as the date on or before which election could be filed by parties owning an interest, and ordered that if any of the parties elected to take either of the tracts, or both, at the appraised value then the same should be set off to them, but that if none of the parties having an interest should file an election then the land upon which no election had been filed should be advertised and sold.

Defendant Burns appealed from the judgment overruling his motion to set aside the tracts in question to him and also from the judgment denying to him the relief asked in his answer.

The only evidence that was taken at the hearing was that of Paul G. Burns, wherein he testified that his wife owned the northeast quarter of section thirty-four; that he and his wife were living on it, and farming it, and it was their homestead; that he wanted the northwest quarter of section thirty-five, adjoining his homestead, set off to him; that it was in fact somewhat less than one hundred sixty acres; that there was not a hundred dollars difference in the

108

value of the two quarters along the river. The land of which partition is sought comprises three hundred eighty-six acres approximately.

Pursuant to this testimony and the prayer of defendant Burns in his answer, wherein he asked to have the real estate valued in separate tracts, the court appointed commissioners and ordered them to value lot one and the southeast quarter of the northwest quarter and the north half of the northwest quarter separately from the balance of the real estate. That was the tract which Burns testified he desired to have the trial court set off to him. It will be noted here that such is not quite one-half of the entire tract and that Burns had asked in his answer that one-half in area of the entire tract be set off to him.

Appellant states in his brief that the order appointing commissioners was not in accordance with section 60-2105 of G. S. 1935. That section reads as follows:

"After the interests of all the parties shall have been ascertained the court shall make an order specifying the interests of the respective parties, and directing partition to be made accordingly. Upon making such order the court shall appoint three commissioners to make partition into the requisite number of shares. For good and sufficient reasons appearing to the court, the commissioners may be directed to allot particular portions to any one of the parties."

It is a little difficult to understand why the above order did not conform to that section. In it the commissioners were appointed and they were directed to make partition, and also in accordance with the wishes of Burns, as expressed in his oral testimony, if partition in kind could not be made without manifest injury they were directed to value the tract which he desired set off to himself separately from the rest. It seems that as the court looked toward the final judgment this was done in order to enable it to make an equitable disposition of the entire matter.

Pursuant to this judgment the commissioners went upon the land and made the report which has heretofore been set out in this opinion.

While an action in partition is governed by the code (G. S. 1935, 60-2101 to 60-2114) the court has substantially the same powers as were exercised by courts of chancery under the former equity practice.

As to the steps to be taken in making the partition, however, we should be governed where possible by the code. To this end we note that G. S. 1935, 60-2107 provides that the commissioners shall

make partition. When this partition cannot be made without manifest injury they shall make a valuation and value each tract separately and shall make a report of the proceedings to the court. It is a report pursuant to that section to which reference has already been made in this opinion in which the commissioners made the valuation which has been noted and valued the tract in question separately in accordance with the wishes of appellant Burns, and found that partition could not be had without manifest injury.

The next section, being G. S. 1935, 60-2108, provides as follows:

"Any party may file exceptions to the report of the commissioners, and the court may for good cause set aside such report and appoint other commissioners or refer the matter back to the same commissioners."

It will be noted the above section provides for exceptions to be filed to the report and where good cause therefor is shown the court may set it aside and do two things, either appoint other commissioners or refer the matter back to the same commissioners.

Appellant Burns did not ask that either one of these be done. He set out the report as to the valuations; then made an allegation to the effect that he occupied land adjacent to one of the quarters; stated that the land which he desired set off was subject to a mortgage of $2,000; then alleged the quarter in question might be allotted to him without injury to the other parties and an allotment be made to him by way of owelty or adjustment of the difference in value between the two tracts. He asked in his motion that such be done. This does not constitute such an exception to the report of the commissioners as is contemplated by the statute.

We do not place the disposition of this case upon the failure of the defendant Burns to take such exception to the report as is contemplated by the statute. G. S. 1935, 60-2114, provides as follows:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

It appears that Burns was endeavoring to take advantage of that section. The effect of the section is to give to trial courts full authority to make an equitable partition between all the parties such as is stated by the many decisions announcing the broad powers of courts of equity in such cases. Burns states the question to be decided in this case as follows:

"Whether or not in an action in partition, where the court has ordered the land separated into two tracts, one of which is adjacent to land which is oc-

cupied by and farmed by a defendant owning an undivided half interest in the whole and the other tract of land is of greater value and not operated by any of the parties to the action (except the appellant Burns as tenant)—is the owner of the undivided one-half interest entitled to have awarded to him land adjacent to his own land; or land in which he has an interest."

In answering that question appellant argues that the rule in all cases is that such part of the land as may be advantageous to one of the parties will be allotted to him if it can be done without injury to others. He argues that there is no dispute in this case and that the court was bound to set off to him the land in question and order the other three tenants in common to pay him the difference in appraised values. To maintain this position, he relies upon what this court said in *Sawin v. Osborn*, 87 Kan. 828, 126 Pac. 1074. That case is hardly an authority for the contention made by Burns. In it the trial court did set off to a widow a certain portion of a tract of land in which she owned an undivided interest and ordered other parties to the action to whom another tract was set off to pay to the widow the difference in value. It was the converse of this case. If the trial court in this case had seen fit to grant Burns the relief sought the Sawin case would be persuasive as an authority for the court's power to do it. However, it is hardly authority for a holding that the court was bound to do that. In fact the court in that opinion uses language which is very persuasive for the other view, where it said:

"The court is vested with the discretion and power to determine whether it is equitable and practicable to give each his share, and it may, for good and sufficient reasons, allot particular portions of the property to any one of the parties." (p. 832.)

Appellant also relies upon what this court said in *Fry v. Dewees*, 151 Kan. 488, 99 P. 2d 844. The language upon which appellant relies is as follows:

"It has been held that while an action in partition is a statutory action, the court has substantially the same powers in administering it as were exercised by chancery courts under equity practice and that the last quoted section of the statute gives the court full power to settle all questions involved on just and equitable principles." (p. 494.)

That is undoubtedly the law, but we question whether this court would say under given circumstances that we would interpose our judgment of what is fair and equitable for that of the trial court.

Appellant insists that there is no place here for the trial court to exercise its judgment of what is fair and equitable. We cannot

agree with that contention. There is a situation here where three other parties are involved in the remaining land. One had a fourth interest and one a three-sixteenths and one a one-sixteenth interest. We do not care to say from the record that the court should have set aside this quarter section for Burns and ordered these other three parties to pay the difference out of whatever the other land should sell for. Ordinarily where there is as wide a discretion reposed in a trial court as is reposed in it in partition actions we are reluctant to interpose our judgment for that of the trial court. (See *State v. Foren*, 78 Kan. 654, 97 Pac. 791, also *Deeds v. Deeds*, 108 Kan. 770, 196 Pac. 1101.)

The appeal in this case first reached this court some months ago. On motion of Burns we ordered the judgment stayed. On account of that, the time which the trial court set for the parties to make an election as to whether any party desired to take either one or both of the tracts at the appraised value has passed.

The judgment of the trial court is affirmed. It is further ordered that the mandate shall be sent to the district court immediately upon filing of this opinion and the parties shall have fifteen days thereafter to make the election as set out in the journal entry of judgment. Otherwise the judgment of the district court will be carried out.