No. 36,897

THEODIE V. JARDON, LEONA J. SCHNACK, EDGAR M. JARDON, LEOTA HUNT, and CLAUDE E. JARDON, *Appellants*, v. RAY E. PRICE, ADEAN BARKLEY LANNI, LAVERNA HEFFNER, CLEO GROFF, LUCILLE RAE PRICE KERNS, and EMERY CHARLES PRICE, *Appellees*.

(181 P. 2d 469)

*John J. Riling,* of Lawrence, and *Clarence S. Hunt,* of Long Beach, Calif., were on the briefs for the appellants.

*George K. Melvin,* of Lawrence, and *A. B. Mitchell,* of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

Wedell, J.: This was an action in the district court to determine the interest plaintiffs and defendants acquired in certain lands from two decedents, to have the lands partitioned and also to have set off against the interest of defendants a claim for money alleged to be due on two notes.

The district court sustained a demurrer to the petition on the ground it lacked jurisdiction to allow the claim on the notes. From that ruling plaintiffs appeal.

The material portions of the petition, in substance, alleged: M. J. Jardon died testate in Douglas county August 17, 1941, and at such time was the owner of the described tracts of land involved, situated in Douglas county; a petition to probate his will and for issuance of letters testamentary to his widow, named as executrix in the will, was refused by the probate court for the reason the petition was filed more than one year after Jardon's death; no appeal was perfected from that judgment; the surviving heirs at law of Jardon were the plaintiffs (Jardon's widow and four of their adult children) and a daughter, Claudia Violet Price, now deceased; Claudia Violet Price died intestate March 27, 1943, a resident of Douglas county; and her surviving heirs at law (the defendants in this action) were Ray E. Price, Claudia's husband, and their four children, all of whom were adults except one.

With respect to the notes the petition alleged:

"That upon the 28th day of November, 1921, the above named defendant, Ray E. Price and his wife, Violet Price, who is one and the same person as Claudia Violet Price, hereinbefore referred to, made, executed and delivered to The Peoples State Bank, Baldwin, Kansas, their promissory note in the sum of Two Thousand Fifty-two Dollars ($2,052.00), a true and correct copy of said note is hereto attached, marked Exhibit 'A' and made a part hereof. That said note draws interest at the rate of eight percent (8%) per

annum from date thereof. That the title to said note was transferred by said bank by delivery and upon payment therefor of the sum of Two Thousand One Hundred Eighty-five Dollars and Fifteen Cents ($2,185.15) by M. J. Jardon upon the 28th day of November, 1922. That M. J. Jardon, at the time of his death, was the owner of said note, which note together with the interest thereon has not been paid, or any part thereof.

"That upon the 22nd day of September, 1923, the above named defendant, Ray E. Price, together with his wife, Violet Price, herein referred to, made, executed and delivered to M. J. Jardon their promissory note in the sum of Three Thousand Dollars ($3,000.00), drawing interest at the rate of five percent (5%) per annum from date. That M. J. Jardon, herein referred to, was the owner of said note at the time of his death, which has not been paid or any part thereof, and the interest thereon has not been paid. That a true and correct copy of said note is hereto attached, marked Exhibit 'B' and made a part hereof.

"That the amounts evidenced by said notes, together with the interest thereon, according to the terms thereof, are due the estate of M. J. Jardon, now deceased. That there has been no administration of the estate of M. J. Jardon, deceased."

The petition further, in substance, alleged: Plaintiffs and defendants inherited the interest in the lands held by M. J. Jardon at his death; defendants took their interest therein by descent from Claudia Violet Price, subject to the payment of the notes which were the property of M. J. Jardon.

The question presented is whether the district court had original jurisdiction to determine the claim represented by the notes and, if valid, to deduct it from the distributive share in the lands which appellees acquired under the law of intestate succession.

The petition admits: The lands and notes were the property of M. J. Jardon at the time of his death; that no administration has been had on his estate and consequently that the indebtedness represented by the notes has not been collected and brought into his estate for distribution among his heirs; that the interest in the lands inherited by Claudia V. Price from her father, M. J. Jardon, was subject to a deduction of the amount due on the notes; that the interest inherited by defendants, Claudia's heirs, in her share of M. J. Jardon's estate was likewise subject to a deduction of the amount due on the notes.

It is not necessary that we determine what duty, if any, appellants had to obtain administration of their father's estate for the purpose of collecting the indebtedness represented by the notes. The fact is they did not do so. Nor did they obtain administration of Claudia's estate and assert the indebtedness as an offset to the share

her heirs, appellees, inherited. It follows appellees acquired Claudia's interest in the lands under the law of intestate succession free from any offset which might have been so established.

Any claim appellants had against Claudia's estate, unless otherwise expressly provided by the probate code, had to be filed against her estate in the probate court within nine months after the date of the first publication notice to creditors of her estate. (G. S. 1945 Supp. 59-2239.) Manifestly, that was not done or there would have been no occasion for appellants filing the instant action in the district court as late as July 15, 1946, more than three years after Claudia's death. Anyone having a claim against a decedent's estate, whether it be for money or to a portion of his estate, is obliged to have an administrator appointed within one year after decedent's death in order that his claim may be asserted within the time prescribed by the code. (*In re Estate of Dumback,* 154 Kan. 501, 119 P. 2d 476; *Hutchinson v. Pihlblad,* 157 Kan. 392, 396, 139 P. 2d 835; *Gantz v. Bondurant,* 159 Kan. 389, 393, 155 P. 2d 450.)

Obviously the claim on the notes, whether it had been asserted by the personal representative of M. J. Jardon's estate, had one been appointed, or whether as now asserted by appellants, did not constitute a lien on the land existing at the date of Jardon's death or at the date of Claudia's death. The claim, if valid, constituted merely a debt represented by unsecured notes. The fact appellees, in the administration of either estate, could not have obtained their ordinary inheritable interest in the lands without the indebtedness being deducted therefrom, had it been asserted, does not make the debt a lien on their interest. G. S. 1945 Supp. 59-2239, in part, provides:

"No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of his death, unless an executor or administrator of his estate has been appointed within one year after the death of the decedent and such creditor shall have exhibited his demand in the manner and within the time herein prescribed."

Appellants contend there having been no administration on the estates of M. J. Jardon or Claudia Violet Price, both deceased, and the time for proceedings in such estates in the probate court having passed, the district court had jurisdiction in the premises. In support of the contention they rely upon the proviso contained in G. S. 1945 Supp. 59-2250. The statute reads:

"Whenever any person has been dead for more than one year and has left property, or any interest therein, and no will has been admitted to probate nor

administration had in this state, or in which administration has been had without a determination of the descent of such property, any person interested in the estate, or claiming an interest in such property, may petition the probate court of the county of the decedent's residence, or of any county wherein real estate of the decedent is situated, to determine its descent: *Provided,* Nothing in this act shall be construed to divest district courts of power to determine descent in any proper proceedings."

It will be observed the portion of the statute preceding the proviso requires that one who seeks a determination of heirship shall proceed in the probate court. The next section prescribes the procedure for such an original proceeding in the probate court. (G. S. 1945 Supp. 59-2251.)

The instant action, however, is not merely one to determine heirship. The petition stated the names of the heirs at law of both M. J. Jardon and Claudia Violet Price and also alleged the fractional portion of the lands to which each of them would be entitled under the law of intestate succession, provided the claim on the notes did not affect such distributive share. The purpose of this action is to obtain an adjudication of such claims against the estate of Claudia Violet Price, deceased, and to obtain a determination of the exact interest in the lands to which her heirs are entitled in view of those claims. The action seeks relief which properly and necessarily should be sought on or before final settlement and distribution of a decedent's estate. Over that subject the probate court alone has original jurisdiction. The pertinent portion of G. S. 1945 Supp. 59-2249 provides:

"Upon such settlement and allowance the court shall determine the heirs, devisees, and legatees entitled to the estate and assign the same to them by its decree. The decree shall name the heirs, devisees, and legatees, describe the property, and state the proportion or part thereof to which each is entitled."

Of course, in a proper proceeding, as, for example, on appeal to the district court from an order of final settlement and distribution, or from a determination of heirship under G. S. 1945 Supp. 59-2250, the district court is not divested of power to determine descent. It is not necessary or proper to attempt, in this case, to determine the proceedings in which the district court might have original power to determine descent. It is sufficient to say it manifestly was not intended by the proviso contained in G. S. 1945 Supp. 59-2250 to divest probate courts of their original jurisdiction to determine questions properly and necessarily involved in a decree of final settlement and distribution.

The statute granting jurisdiction and power to merely determine heirship does not include jurisdiction to pass on claims against a decedent's estate or to determine an unrelated controversy which might affect the interest which would ordinarily pass to an heir under the law of intestate succession. (2 Bartlett's Probate Law and Practice, §§ 1162, 1163, p. 430; *Wright v. Wright,* 99 Mich. 170, 58 N. W. 54.) A decree of descent does not create title but merely declares who has acquired the title of the decedent. In other words, the function of the statute is to declare only the title which accrues under the law of intestate succession. (2 Bartlett's Probate Law and Practice, § 1163, pp. 430, 431.)

Appellants also rely upon what is said in *Johnson v. Burns,* 160 Kan. 104, 159 P. 2d 812, and similar cases, concerning the equitable powers of district courts in partition actions. The cases do not involve the application of the probate code to decedents' estates and are not in point.

The order of the trial court sustaining the demurrer was correct and it is affirmed.

HOCH, J., not participating.