No. 37,055

HUBERT BRYSON, *Appellant,* v. VIOLA F. PHILLIPS, *Appellee.*

(190 P. 2d 876)

Opinion filed March 6, 1948.

*Robert L. Boyce, Jr.,* of Kansas City, argued the cause, and *Jack Arthur Coney,* of Peoria, Ill., was with him on the brief for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

BURCH, J.: The question presented by the appeal is whether the

district court, in a partition action, had original jurisdiction to determine descent, and involves the construction which should be given in the case to the proviso appearing in G. S. 1947 Supp., 59-2250, which reads:

*"Provided,* Nothing in this act shall be construed to divest district courts of power to determine descent in any proper proceeding."

The district court held that it had no jurisdiction of the action because the petition disclosed that it was necessary to determine the heirs of the father of the plaintiff before partition of the property could be had and that the probate court had exclusive original jurisdiction to make such determination. The essential facts follow.

The father of the plaintiff, Green D. Bryson, purchased the involved property in 1926 and died in 1935, without having disposed of the property. At the time of his death the father left surviving him as his sole heirs at law his son, the plaintiff, and his second wife, Evelyn Bryson. No administration proceedings of any kind were instituted in connection with the father's estate. His widow apparently continued in possession of the property until the 5th day of February, 1940, at which time she executed a warranty deed conveying her interest in the property to the defendant, Viola F. Phillips. Upon the execution and recording of such deed, the defendant took possession of the property, rented it to various tenants and refused to acknowledge the plaintiff's interest in the property or to account to him for rents and profits. The plaintiff's petition seeks to obtain partition, possession and an accounting. The petition filed in the case also discloses that the second wife and widow of Green D. Bryson died soon after she conveyed the property to the defendant, but her heirs were not made parties defendant to the action and no relief is sought against them or against her estate. The defendant, purchaser of the property, obviously is still alive. Therefore, the only estate which is even indirectly involved in the partition action is that of the plaintiff's father, Green D. Bryson, who died intestate in 1935. The present action was brought by the plaintiff in December, 1946.

The petition filed in this case does not, in any manner, seek to establish any claim against the estate of the plaintiff's father. At the time the father died, the property descended to the two heirs of the deceased. As stated, they were the plaintiff and his father's widow. Under the statutes in force at such time (G. S. 1935, 22-108 and 22-118), the real estate descended at once to such heirs, sub-

ject only to the payment of debts against the estate. No debts were ever established against the father's estate and the time has long since elapsed in which it would have been possible to establish them. It follows that at the time the action was brought the plaintiff had become the unconditional owner of an undivided one-half interest in the property, and it may be incidentally observed further that the plaintiff's ownership became established prior to the enactment of the present probate code in 1939 by reason of the operation of our previously-applicable statutes. Consequently, the district court was called upon to determine only the parties to whom the property descended in 1935.

The secondary questions relative to accounting for rents and profits and the right of possession are not involved in this appeal and did not enter into the question of jurisdiction considered by the trial court. We are informed that the attorney who represented the defendant in the trial court is now dead but we were further informed in oral argument that the defendant has employed another attorney. Unfortunately, however, her present attorney has not appeared in connection with the appeal. This court would always prefer to have all litigants represented by counsel in order that the court may have the benefit of briefs and arguments in behalf of all parties. However, in the absence of counsel for an appellee, this court should not, at least, without request therefor, defer decision upon a question presented by an appellant.

The present appeal does not present a case wherein administration of an estate was pending or wherein the plaintiff was attempting to assert against an estate a money claim or a claim based on a contract or a claim of any character which would affect the operation of the laws of descent and distribution. In this case a statutory heir at law of an intestate is simply asserting his rights to his own real property. In the case of *Sheedy v. Willoughby*, 157 Kan. 508, 142 P. 2d 801, the involved property consisted of an undivided interest in certain real estate, and an action in partition was brought in furtherance of a sale thereof. Syllabus 3 in the cited case reads:

"Such action in partition, described in paragraph 2 of this syllabus, is properly brought in the district court."

The opinion in the cited case, written by Mr. Justice Hoch, distinguishes, at length, between the claim type of case and one in which a party is not asserting as against another party any claim upon the assets of an estate. The cited opinion reads:

". . . In the instant case the plaintiff merely sought to have an undivided interest determined and set apart and there is no contention that the undivided interests of the defendants are any part of the estate being administered." (p. 513.)

Since the opinion in *Sheedy v. Willoughby*, supra, carefully reviews many of our cases developing the distinction between ordinary actions in partition and actions in the nature of claims against an estate, it is not necessary to review and print them again in this opinion.

In the case of *Houdashelt v. Sweet*, 163 Kan. 97, 180 P. 2d 604, the opinion by Mr. Justice Wedell again developed the distinction, as follows:

". . . We, as in the past, emphasize that this is not a case in which an heir at law may by mere operation of law, and without any action on his part, acquire his distributive share under the law of intestate succession. Were it such a case there would be no need for filing a claim or demand for a distributive share as an heir." (p. 101.)

The facts in the present case clearly fall within the distinction accentuated in the Houdashelt case, *supra*.

Counsel for the appellant, in fairness to the trial court, assert that such court was convinced of its lack of jurisdiction by reason of the decision of this court in the case of *Jardon v. Price*, 163 Kan. 294, 181 P. 2d 469, and particularly by syllabi 3 and 4 thereof. The syllabus to an opinion only sets forth, in a summary manner, the law applicable to the facts in the particular case. The facts set forth in the opinion in *Jardon v. Price,* supra, clearly develop that the plaintiffs therein were seeking primarily to establish in the district court a claim upon notes, which notes were a part of the assets of an estate. In such case the partition rights were only indirectly involved. The opinion reads:

"The question presented is whether the district court had original jurisdiction *to determine the claim represented by the notes* and, if valid to deduct it from the distributive share in the lands which appellees acquired under the law of intestate succession." (Emphasis supplied.) (p. 296.)

The opinion further stresses the distinction, as follows:

"The instant action, however, *is not merely one to determine heirship.* . . . The purpose of this action is to obtain an adjudication *of such claims* [the claims on the notes] . . ." (Emphasis supplied.) (p. 298.)

And the opinion further reads:

"Of course, in a proper proceeding, as, for example, on appeal to the district court from an order of final settlement and distribution, *or from a determina-*

*tion of heirship under G. S. 1945 Supp. 59-2250, the district court is not divested of power to determine descent."* (Emphasis supplied.) (p. 298.)

While the opinion in *Jardon v. Price,* supra, does not set forth the fact, nevertheless the record in such case discloses that the demurrer involved was a limited demurrer to only that part of the appellants' petition which referred to the two promissory notes. It follows that *Jardon v. Price,* supra, should not be regarded as authority holding contrary to the conclusion we reach in this case.

The order of the district court dismissing the action is reversed.