No. 38,157

ALEX A. RUPP, *Appellant,* v. ELMER RUPP and BARBARA RUPP, *Appellees.*

(228 P. 2d 692)

Opinion filed March 10, 1951.

*Ralph H. Noah,* of Beloit, argued the cause, and *Delmas L. Haney,* and *Benedict P. Cruise,* both of Hays, were with him on the briefs for the appellant.

*F. F. Wasinger,* of Hays, argued the cause, and *Norbert R. Dreiling,* also of Hays, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action in ejectment. Judgment was rendered generally for defendants, and plaintiff appeals.

Appellant alleged in his petition that he was the owner of an undivided one-half interest in the quarter section of real estate in question; that he was a tenant in common with appellee Barbara Rupp, owner of the remaining one-half interest; and that he was entitled to possession of said real estate but appellees wrongfully keep him out of possession thereof. Appellee Elmer Rupp for his defense denied appellant's right of possession and alleged that he was a tenant of appellant by virtue of an oral lease. Appellee Barbara Rupp filed a general denial.

At the outset it might be stated that appellant Alex A. Rupp and appellee Barbara Rupp are husband and wife and appellee Elmer Rupp is their son. It is admitted that appellant and appellee Barbara Rupp are joint owners of the real estate in question and had occupied it as their homestead for about thirty years. The undisputed facts are that on August 23, 1949, Barbara Rupp in another

action in the same court filed suit for divorce against appellant and on the same date secured an order restraining appellant from:

"going to the home of the plaintiff [Barbara Rupp] or the premises appurtenant thereto (describing involved quarter section of real estate) or remaining in and about said premises while the plaintiff occupies the same as a home and that he be and he is hereby restrained and enjoined from in any manner, either by actions or words, interfering with or molesting the plaintiff while in the peaceable possession of said home and he is hereby restrained and enjoined from bothering or hindering the plaintiff in any way at any other place that she may be . . ."

This order was duly served on appellant.

Thereafter and on September 15, 1949, appellant, in violation of the restraining order, went with another son to the garage on the described premises to see his car, to get the son's fish seine, and to see about wheat planting, but both of them were ordered to leave the premises by appellee son Elmer, appellee Barbara Rupp being present and verbally assisting, and they were advised not to return unless they brought a sheriff along.

On September 17 following, this action in ejectment was filed, after trial of which the court found that "the evidence fails to show any forcible eviction from the land" and entered judgment for appellees, defendants below.

Appellant's cause of action in ejectment is based on G. S. 1949, 60-2001, which provides for the recovery of real property. Inasmuch as ejectment is a possessory action, under the statute it was incumbent upon the appellant to allege and to prove not only that he had a legal or equitable estate in the land, but that he had a present or immediate right to possession of the property in question. It follows, therefore, that anything which deprived appellant of his present right of possession would deprive him of the remedy of ejectment. (*Hurd v. Comm'rs of Harvey Co.*, 40 Kan. 92, 19 Pac. 325; 18 Am. Jur. 40-41.)

It was stipulated that appellant had a legal estate in the land; the question is, was he entitled to possession thereof?

It is disclosed by the record that appellant was not entitled to possession of the property. On August 23, 1949, appellant was restrained by the court order in the divorce action from going on the property, as hereinbefore related. This restraining order, so far as the record in this case is concerned, was on the date complained of and is still a valid and existing order of the court, and no attempt has been made by the appellant to have said order modi-

fied or abated. Under such circumstances, the record fails to disclose, as found by the court, any unlawful eviction from the land in question. Appellant's own testimony discloses that he was served with the order restraining him from going to the premises where appellee Barbara Rupp was residing, and that his claimed ejectment was subsequent to the service of that order upon him.

The court found generally in favor of the appellees. We have examined the record and find that the court's judgment is sustained by ample competent evidence. It is the well established rule in this state that the matter of determining the weight of the evidence and the credence to be accorded to the testimony of witnesses is the exclusive function of the trial court and not a matter for appellate review. (*Rasmussen v. Rasmussen,* 124 Kan. 461, 260 Pac. 618; *Harrison v. Lyon,* 126 Kan. 705, 271 Pac. 395; *Adams v. Morgan,* 142 Kan. 865, 52 P. 2d 643; 5 C. J. S. 682, § 1656b.)

In view of the foregoing, it is unnecessary to determine other questions raised by the appellant. The judgment of the lower court is affirmed.