No. 38,199

Elmer Rupp, *Appellee,* v. Alex A. Rupp, *Appellant.*

(233 P. 2d 709)

Opinion filed July 3, 1951.

*Ralph H. Noah,* of Beloit, argued the cause, and *Delmas L. Haney* and *Benedict P. Cruise,* both of Hays, and *Thomas H. Conroy,* of Beloit, were with him on the briefs for the appellant.

*F. F. Wasinger,* of Hays, argued the cause, and *Norbert R. Dreiling,* of Hays, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This was an action brought by a son to dissolve a farming partnership existing between him and his father, and for an

accounting, and is another chapter in litigation between these parties (*Rupp v. Rupp*, 170 Kan. 651, 228 P. 2d 692).

Plaintiff son was the youngest of thirteen children and had stayed at home and worked on the 160-acre farm owned by his father and mother. His evidence, which followed substantially the allegations of his petition, established that in the latter part of 1943 he and his father entered into an oral agreement for the operation of the farm on a partnership basis; that he continued to work in the planting and harvesting of crops, raising of livestock, and in general to fulfill all obligations under the oral agreement. In August, 1944, he was inducted into the military service, and his testimony was to the effect that shortly before he left home he and his father orally agreed that during his absence the farming operations would continue on the partnership basis. During the period of his army service he made out and caused to be sent home an allotment to his parents, and he also earned certain sums on the side while in the service. Evidence was introduced concerning the application of these funds to the partnership venture. The son was in the military service for twenty-two months, after which he returned home and resumed work on the farm. This arrangement continued until August, 1949, at which time trouble and difficulties arose between him and his father, following which this action was commenced.

Defendant father's answer and evidence admitted a partnership arrangement and agreement between the parties, but was to the effect the partnership was not formed or agreed upon until 1946, after the son's return from the military service; and also there was a sharp conflict in the evidence concerning who had sold certain products and livestock raised on the farm, and with reference to the disposition of the proceeds thereof.

After hearing all of the evidence the trial court made fourteen conclusions of fact and four conclusions of law, and entered judgment in favor of plaintiff son in the amount of $1,620.56, with interest, and for costs.

Defendant's motion for a new trial being overruled he has appealed, assigning as error the rulings of the court in overruling his demurrer to plaintiff's evidence, in the admission of evidence, in the rejection of evidence, in refusing to make each of the conclusions of fact and of law requested by defendant, in making each of the conclusions of fact and of law that it did, in rendering judgment, and in overruling the motion for a new trial.

This is essentially a fact case arising out of a family dispute between father and son over their farming operations covering a period of some six years. Defendant in effect asks this court to retry his lawsuit. We cannot do so. It was exclusively the function of the trial court to weigh the evidence and determine the facts. It has performed that function, and our examination of the record establishes that the facts as found by the lower court are supported by substantial, competent evidence, and such being the case will not, under the familiar rule of appellate procedure, be disturbed by this court. (*Rupp v. Rupp,* supra, p. 653.)

Concerning the various legal propositions advanced by appellant in this court we have examined each and every one and find them to be without substantial merit. Their nature is such that no useful purpose would be served by enumerating and elaborating on them in this opinion. In this connection we adhere to the well-established rule that a presumption of validity attaches to a judgment of a district court until the contrary is shown, and that before this court will set aside a judgment it must affirmatively appear there has been an error which affects the substantial rights of the parties. (*Jones v. Crowell,* 167 Kan. 415, 419, 207 P. 2d 435; and *State, ex rel., v. Rural High School District No. 3,* 169 Kan. 671, 220 P. 2d 164.)

Nothing in this record or in the briefs submitted has made it affirmatively to appear the judgment of the lower court is erroneous and therefore it is affirmed.